L. LAIB *vs.* A. BRANDENBURG.

December 18, 1885.

**Immaterial Error.**—An erroneous rejection of evidence *held* not prejudicial in this case.

**Evidence — Controversy between Wife and Husband's Creditors.**— Under our statutes giving a married woman absolute control over her personal property, and authorizing her to carry on business on her own account, and, except as respects her real estate, to constitute her husband her agent, and authorizing husband and wife to contract with each other as fully as if the marriage relation did not exist between them, a controversy between a wife and her husband's creditors as to whether certain personal property belongs to her or her husband is, as in other cases, to be determined upon the *fair preponderance* of the evidence.

Plaintiff brought this action in the district court for Otter Tail county, to obtain possession of certain personal property taken by

the defendant, as sheriff, on an execution against plaintiff's husband. Defendant appeals from an order by *Baxter*, J., refusing a new trial.

*John P. Williams*, for appellant.

In a contest between a husband's creditors and his wife, there is a presumption against her which must be overcome by affirmative proof. *Nininger* v. *County of Carver*, 10 Minn. 106, (133;) *Horneffer* v. *Duress*, 13 Wis. 603; *Carpenter* v. *Tatro*, 36 Wis. 297; *First Nat. Bk.* v. *Bartlett*, 8 Neb. 319; *Seitz* v. *Mitchell*, 94 U. S. 580.

*Rawson & Haupt*, for respondent.

BERRY, J.   1. The main issue in this case was whether certain liquors and cigars, being the stock of a saloon, belonged to plaintiff or to her husband, in behalf of one of whose judgment creditors they had been seized upon execution by defendant as sheriff.   The plaintiff having put in evidence clearly tending to show that the stock belonged to her, and that the business of the saloon was carried on by her husband for her, the defendant offered to show that, at different dates during a period of several months prior to the seizure, and while, as plaintiff claimed, the saloon was being run for her by her husband as her agent, packages of cigars and liquors were received at Fergus Falls, (where the saloon was,) by railroad and express, consigned to her husband.   The evidence offered was excluded, and in our opinion erroneously.

Upon the evidence in the case, there being fair ground for inferring that the packages thus consigned were intended for the saloon, and were actually used in it, the circumstance that they were consigned to the husband had a tendency to show that they were his property, and that he was doing the business for which they were got for himself,—a tendency strengthened by the consideration that this mode of consignment was usual or frequent.   But although the exclusion was error, we are clear that it cannot reasonably be supposed to have prejudiced the defendant, and that its admission upon a new trial would not change the result already reached in the case. For it had already appeared from defendant's cross-examination of the husband (a witness for plaintiff) that most of the goods used in the business had been "shipped" and "consigned" to him.   It also appeared from the testimony of several witnesses for defendant that

*none* of the goods, the consignment of which to the husband was offered to be proved, were consigned to the plaintiff. No attempt was made by plaintiff to dispute the testimony thus given by her husband and defendant's witnesses. We are unable to see how the excluded testimony could have added anything to that which was thus admitted without question, and we are therefore of opinion that the exclusion was not prejudicial error.

2. Under our statutes a married woman is invested with absolute authority over her personal property, and may carry on business on her own account, and, as respects anything except her real property, she may constitute her husband her agent, and they may contract with each other "as fully as if the relation of husband and wife did not exist." Gen. St. 1878, c. 69, §§ 1, 3, 4. In this state of the law, although business transactions between husband and wife are naturally looked upon with suspicion when the husband is insolvent, and a controversy as to whether a right of property is in a husband or wife arises between her and her husband's creditor, there is no reason why this controversy should not be determined by a jury upon the *fair preponderance* of the evidence, as in other cases. And such appears to be the view acted upon by this court in *Ladd* v. *Newell, ante,* p. 107; *Leonard* v. *Green, ante,* p. 137. If the rule in regard to proof of the wife's right to her alleged separate property at common law required more than this, it must be regarded as modified by the statutes cited, and by which a wife appears to be put upon the same footing as her husband as respects her personal property. To hold that, notwithstanding this melioration of the law in favor of married women, she is still required to establish her right by something more than a fair preponderance of proof, would be against the manifest policy of the statute, and place her at a disadvantage for which the statute furnishes no countenance. The action of the trial court in charging and refusing to charge the jury was substantially in accord with these views.

3. The verdict is abundantly sustained by the evidence.

Order affirmed.