P. Simonson and others *vs.* L. A. Grant, impleaded, etc.,

February 21, 1887.

**Principal and Surety—Obligation of Surety.**—A surety is bound in the manner and to the extent provided in the obligation executed by him, and no further.

**Same—Discharge of Surety by Alteration of Contract.**—It is not sufficient that he may sustain no injury by a change in the contract; he may stand upon its terms; and, if a variation is made without his consent, it is fatal.

**Same—Building Contractor's Bond—Departure from Contract.**—The plaintiffs furnished building material to T. & M., used in a house erected by them for G. under a contract with him, and were sureties for the faithful performance of the contract by T. & M. After the work was commenced, and the first instalment paid, and before such building materials were furnished by plaintiffs, G. so far departed from the terms of the contract that payments were made by him to divers persons on the order of the contractors, without reference to the state of the work or the terms of the contract, and in some instances to an amount exceeding the instalments due, as stipulated therein, and in anticipation thereof. *Held*, that the plaintiffs were thereby discharged from their obligation as sureties, and are entitled to enforce their claims for a lien upon such building.

**Same—Contract of Indemnity against Liens, when broken.**—The contract contained a provision that the contractors would protect and save G. harmless from liens for labor and materials. *Held*, that the mere existence of unpaid claims, for which no lien had been perfected by the proper proceedings, constituted no breach of the contract.

Action in the district court for Hennepin county against the defendants Thori & Malmberg, to recover the value of materials sold and delivered to them for use, and used, in building a house for defendant Grant, and against defendant Grant to enforce a lien against the building, etc. Defence by Grant that the plaintiffs were sureties on a bond given to him by Thori & Malmberg, conditioned for the faithful performance of the building contract, one of the provisions of which was that Thori & Malmberg should "protect said Grant and save him harmless from all claims and liens for labor and material

contracted by them on said building." Reply, that Grant and the contractors had departed from the terms of the contract, and so discharged the plaintiffs from liability as sureties on the bond.

The action was tried by *Rea, J.,* who found the facts stated in the opinion, and ordered judgment for defendant Grant, from which judgment the plaintiffs appeal.

*Ueland, Shores & Holt,* for appellants.

*Benton & Roberts,* for respondent.

VANDERBURGH, J.   Plaintiffs were sureties for the faithful performance by the defendants Thori & Malmberg of their building contract with the defendant Grant.   They also furnished materials used in the building erected in pursuance of the contract, and claim a lien therefor in this action.   Defendant Grant's defence against the enforcement of the lien is rested on the claim that the engagement of the plaintiffs as sureties estops them from claiming any lien for materials furnished under the same contract.   To this the plaintiffs reply that they had been released from the obligation of their bond before any materials were furnished by them.

The building contract in question contained a provision that Thori & Malmberg "would protect said Grant, and save him harmless from all claims and liens for labor and materials contracted by them on said building."   The contract price for the building, including labor and materials, was $6,300, to be paid in instalments as the work progressed.   The contract is set out in full in the record, and is dated October 25, 1884.   The first instalment of $500 was paid to the contractors Thori & Malmberg as therein provided.   The contract provided that this instalment was to be paid "when all the lumber is on the ground, except siding and flooring, and the first floor laid; and, *second,* when the building is inclosed, sheathed, shingled, and backplastered, the chimneys built, and roof painted, $800."   It also provided that so much of each payment as shall be necessary to pay for materials and labor furnished shall be used for that purpose, and after the first payment, and before the others are made, said Thori & Malmberg shall furnish said Grant with a written statement from parties furnishing materials or labor, or other satisfactory evidence, that the money paid has been so used.   After the payment of the

first instalment according to the terms of the contract, defendant Grant, having discovered that the greater part thereof had not been applied as required by the terms of the contract, thereupon refused to make any further payments directly to them, but thereafter, from time to time, made payments upon their order to divers parties who had valid claims against them, and which, if not seasonably paid, might be enforced against the building by filing liens therefor in pursuance of the statute. The court also finds "that the contractors did not perform the work called for by said contract in the order provided for, and that such payments made by defendant Grant were made without reference to the state of the work at the time of such payments or conditions prescribed by said contract in respect to the progress of the work, but that said Grant made only such payments as were necessary to be made to protect the house from liens aforesaid." And of these payments, and his object in making them, the plaintiffs had notice, but it does not appear that they ever authorized or consented to any departure from the terms of the contract, or any change or modification thereof.

The defendant Grant, therefore, as it appears, subsequent to the first payment of $500, with knowledge of the default of the contractors in respect to the application thereof, so far departed from the contract that he thereafter undertook to provide directly for the payment of the claims referred to, in disregard of the order or conditions of payment prescribed by the contract, or the progress of the work. The first departure from the terms of the contract was so made by him in the acceptance and payment of an order of Thori & Malmberg on the 6th day of January, 1885, on account of the contract, for $928.87 in favor of a third party who had furnished lumber to that amount and value for the building. At the time of the assumption and payment of this claim, no further payment had become due according to the terms of the contract. The plaintiffs' claim is for materials alleged and found to have been furnished to the contractors, and used in the building, between the 4th day of March and the 18th day of July, 1885. The defendant Grant, doubtless feeling himself insecure in case the payments were made directly to the contractors, and being apprehensive that their unpaid bills would be en-

forced as liens, as might legally be done by their creditors, undertook
to protect himself in the manner stated.    But it was dealing with the
principals in the contract in a manner not provided for therein.    In
anticipating the instalments, and otherwise disregarding the condi-
tions of the contract, they were practically so modified that it was not
the contract to the performance of which the plaintiffs had bound
themselves as sureties.    In such cases the surety may be deprived of
the inducement which the principals would have to perform the con-
tract in due time as the contract requires.    Brandt, Suretyship, § 245;
*General Steam Nav. Co.* v. *Rolt*, 6 C. B. (N. S.) 550; *Calvert* v. *Lon-
don Dock Co.*, 2 Keen, 638; *Leeds* v. *Dunn*, 10 N. Y. 469; *Farmers',
etc., Bank* v. *Evans*, 4 Barb. 487.

The surety has a right to insist that he is bound to the extent, in
manner, and under the circumstances pointed out in his obligation,
and no further.    "It is not sufficient that he may sustain no injury
by a change in the contract, or that it may even be for his benefit.
He has a right to stand upon the very terms of his contract; and if
he does not assent to any variation of it, and a variation is made, it
is fatal." *Miller* v. *Stewart*, 9 Wheat. 681, 703; *Tomlinson* v. *Simpson*,
33 Minn. 443, (23 N. W. Rep. 864;) *Birckhead* v. *Brown*, 5 Hill,
634.

The existence of unpaid claims against the contractors which might
in due time be enforced against the building was not in itself a vio-
lation of the indemnity clause in the contract.    It is not claimed that
any liens had been filed, or any legal proceedings taken to enforce
the same, or that he might not have been saved harmless if he had
himself stood by and insisted on the terms of the contract.    *Weller*
v. *Eames*, 15 Minn. 376, (461;) *Price* v. *Doyle*, 34 Minn. 400, (26
N. W. Rep. 14.)    The arrangements which he made to meet the
payments under the contract must be regarded as voluntary on his
part.    He did not like to trust the contractors, and chose to make
the new arrangements for payment referred to; but he had made no
provisions in the contract to meet such contingencies, and it may be
that, if they had been inserted, the plaintiffs would not have con-
sented to become sureties.    Upon the record, therefore, we think
the plaintiffs were discharged as sureties, and are entitled to judg-

ment for the enforcement of their lien to the amount found due.
*Bragg* v. *Shain*, 49 Cal. 131.

Judgment reversed, and cause remanded, with directions to ren--
der judgment for the plaintiffs in accordance with this opinion.