W. F. HOUSTON and another *vs.* MARY NORD and Husband.

December 10, 1888.

Chattel Mortgage — Foreclosure — Purchase by Mortgagor's Wife.— When the property of the husband is sold on a mortgage, the wife has the same right as any other person to purchase it and hold it free from any liability on account of her husband's debts, provided she do so in good faith, with her own money.

Same—Construction—Condition as to Debts for Construction of Building.—A certain mortgage construed as conditioned that the mortgagor should pay, within a time fixed, all debts contracted by him for labor and material for the construction of a building, and not merely that he should indemnify the mortgagee against liens on it.

Plaintiffs brought this action in the district court for Hennepin county, to recover possession of household furniture mortgaged by defendant Charles Nord to Joseph Williams, who assigned the mortgage to plaintiffs. At the trial, before *Rea*, J., a verdict was directed

for plaintiffs. The defendants appeal from an order refusing a new trial.

The chattel mortgage from defendant Charles Nord to Williams contained the following condition, referred to in the opinion: "Provided that these presents are upon the express condition that the said party of the first part shall pay or cause to be paid all charges and claims for material furnished and used in and all done for and in erection of said building," (which had already been described in the instrument,) "and save said Williams harmless therefrom and from all expenses on account thereof, then these presents to be void and of no effect." Then follows a power to the mortgagee to take possession of the property and sell it "if default shall be made in the payment of said claims or any part thereof."

*Henry J. Gjertsen*, for appellants.

*Frank M. Nye*, for respondents.

MITCHELL, J. The transactions leading up to this suit were briefly these: One Williams, being the owner of the property now in controversy, executed a chattel mortgage on it to a Mrs. Bullock, and subsequently sold it to defendant Charles Nord, who assumed and agreed to pay the mortgage, and at the same time executed back to Williams a second mortgage upon the property. Default having been made in the conditions of the latter mortgage, plaintiffs, Williams's assignees, brought this action against Nord and wife to recover possession of the mortgaged property. The wife, Mary Nord, answered, claiming the property by purchase at a sale thereof by Bullock under her mortgage. The court instructed the jury that, inasmuch as Charles Nord had assumed and obligated himself to Williams (plaintiffs' assignor) to pay this Bullock mortgage, his wife, Mary Nord, was, under the statute, chargeable with notice of this contract of her husband, and could not maintain title to the property under the mortgage against the person to whom her husband had agreed to pay it. The statute to which the learned court referred is Gen. St. 1878, c. 69, § 4, relating to contracts between husband and wife, the last clause of which is: "But in all cases where the rights of creditors or purchasers in good faith come in question, the husband shall be held to have notice of the contracts and debts of his wife, and the wife

shall be held to have notice of the contracts and debts of her husband, as fully as if a party thereto." This statute has no sort of bearing upon the case. It would charge the wife, if it were a case where the fact was material, with notice that her husband had assumed payment of this mortgage. But whether she knew or did not know that fact could in no way affect her right to purchase at the mortgage sale. The case stands precisely as if the husband himself had executed the mortgage; and, under our statute, which gives a married woman the same right to acquire and hold property as a *feme sole*, she has the same right as any other person to purchase her husband's property at a mortgage sale, provided, only, she do so in good faith, with her own money. Schouler, Husb. & Wife, § 402. See, also, *Blum* v. *Harrison*, 50 Ala. 16; *Page* v. *Dixon*, 59 Mo. 43; *Hill* v. *Bugg*, 52 Miss. 397. If she made the purchase with her husband's money, or with money furnished by him, of course she would be, as against his creditors and subsequent incumbrancers, merely trustee for him; and her purchase would, as to them, amount to payment of the mortgage. Whether the burden of proof was upon the wife in this case to show that she purchased with her own funds, or whether the rule on that subject has been affected by our married woman's act, is a question not now before us, as the case was neither tried nor decided in the court below with any reference to it, and no such question is raised or argued in this court. See, however, Bump, Fraud. Conv. 313; Wait, Fraud. Conv. §§ 300, 301; *Whiton* v. *Snyder*, 88 N. Y. 299, 304; *Stall* v. *Fulton*, 30 N. J. Law, 430, 437; *Laib* v. *Brandenburg*, 34 Minn. 367, (25 N. W. Rep. 803.) If the burden of proof was on Mrs. Nord, the certificate of the sheriff, who acted as auctioneer, and the receipt of Mrs. Bullock, had no tendency to prove the fact, or, indeed, that anything was paid; they being, as to the plaintiffs, *res inter alios actæ*, and mere hearsay. For the error of the court already referred to there must be a reversal.

Other points have been argued by counsel, which it is proper to consider in view of a new trial. Defendant contends that the mortgage (Exhibit A) under which plaintiffs claim is void for indefiniteness and uncertainty in its terms. We think this objection is not well taken. It is clear that the mortgage was intended to secure the payment by

Nord of all debts which he had already contracted for labor or material for the building then in process of erection, or which he might thereafter contract for its completion, as he was required to do by the terms of his trade with Williams. The condition of the mortgage, construed in connection with the recitals and covenants contained in the instrument, was not merely to indemnify Williams against liens on the building, but for the payment by Nord of all debts contracted by him for labor and material for its construction and completion. Hence it was not necessary, to constitute a default in this condition, that the demands should have been adjudged liens, or even that claims for liens should have been filed, or that plaintiff should have paid them. If there were debts for labor or material which Nord had failed to pay within the time fixed in the mortgage, and hence lienable against the building, that would constitute a default in the condition, which would entitle the mortgagee to take possession, sell the property, and pay these claims out of the proceeds. The distinction between the condition in this mortgage and those considered in *Weller* v. *Eames*, 15 Minn. 376, (461;) *Price* v. *Doyle,* 34 Minn. 400, (26 N. W. Rep. 14;) and *Simonson* v. *Grant,* 36 Minn. 439, (31 N. W. Rep. 861,) cited by counsel, will be apparent on comparison. Of course, it was incumbent on plaintiffs to prove the existence of such claims, and it is true that statements for liens filed by the claimants would have no tendency to prove that fact; but the statements or admissions of Nord himself to plaintiffs regarding the existence and nature of the claims were competent and material on that point.

Order reversed.