BACKUS v. ARCHER.[1]

BONDS—BUILDING CONTRACT—PREMATURE PAYMENT—RELEASE OF
SURETY.

> A surety on a bond for the performance of a building con-
> tract which provides that payments shall be made at
> specified times as the work progresses is released from all
> liability if the owner, without his consent, makes advances
> to the principal in excess of the amount due by the terms of
> the contract.

Error to Wayne; Donovan, J. Submitted June 3,
1896. Decided June 30, 1896.

*Assumpsit* by Albert P. Backus against John Archer
and another as sureties on a building contractor's bond.
From a judgment for defendants, plaintiff brings error.
Affirmed.

*Gray & Gray*, for appellant.

*Charles Flowers*, for appellees.

HOOKER, J. The defendants executed a bond, as sure-
ties, with and for one Margaret Depew, their principal,
for the faithful performance by her of a building con-
tract, and this action was brought upon the bond. De-
fendants were successful in their defense, and the plain-
tiff has appealed.

The contract bound Margaret Depew to furnish mate-
rials and to erect a dwelling for the plaintiff on or before
December 1, 1892, in accordance with the plans and spec-
ifications and drawings made by George E. Depew (her
husband), the architect of the building, subject to his
supervision and entire approval. In consideration there-

---

[1] Rehearing denied July 8, 1896.

for she was to be paid by the plaintiff $3,648, at times therein specified, as the work progressed. The contract provided that if said work should not be completed on the 1st day of December, 1892, plaintiff might, at his option, employ others to furnish materials and do the whole or any part of the work undone, and charge the cost to Margaret Depew, or leave the completion to her, and, if not completed on December 1, 1892, then she should pay to the plaintiff, as liquidated damages for nonperformance of the contract, the sum of $1.50 per day until completed. Margaret Depew died a short time after December 1, 1892, at which date the building was not completed. The work was abandoned by Depew.

It is conceded that, at the time work was stopped upon the building, the plaintiff had paid considerably more money than was due by the terms of the contract. The parties disagree about the amount; one claiming that the contract price was paid within $100 or thereabouts, and the other contending that it was at most between $400 and $500, but admitting that it was between $100 and $200. This, being in contravention of the terms of the contract, released the sureties, *pro tanto* at least. Did it release them from all liability?

In 1 Brandt on Suretyship (section 397) it is said:

"A surety for the completion of work to be performed by the principal, where, by the terms of the contract, the principal is to be paid by installments, is discharged if the principal is paid faster than the contract provides. The surety is thereby deprived of the inducement which the principal would have to perform the contract in due time, * * * and it is no answer to say that it is for the advantage of the surety, or that he has sustained no prejudice." *Warre* v. *Calvert*, 7 Adol. & E. 143; *Calvert* v. *Dock Co.*, 2 Keen, 644.

In the latter case the court said of a premature payment:

"What the company did was perhaps calculated to make it easier for Streather to complete the work if

he acted with prudence and good faith, but it also took away that particular sort of pressure which by the contract was intended to be applied to him."

The question was again fully discussed, and the doctrine of *Calvert* v. *Dock Co.* affirmed, in *General Steam Navigation Co.* v. *Rolt*, 95 E. C. L. 550.

The American authorities are in harmony with the foregoing English cases. *Clagett* v. *Salmon*, 5 Gill & J. 314; *Barns* v. *Barrow*, 61 N. Y. 39 (19 Am. Rep. 247); *Simonson* v. *Grant*, 36 Minn. 439; *Bragg* v. *Shain*, 49 Cal. 135; *Ryan* v. *Morton*, 65 Tex. 258; *Taylor* v. *Jeter*, 23 Mo. 250; *St. Mary's College* v. *Meagher*, (Ky.) 11 S. W. 608; *Erickson* v. *Brandt*, 53 Minn. 10; *Board of Com'rs* v. *Branham*, 57 Fed. 179; *Bell* v. *Paul*, 35 Neb. 240; *Henricus* v. *Englert*, (Sup.) 17 N. Y. Supp. 235. The case of *Simonson* v. *Grant* was a hard one. The premature payments were only such as were necessary to protect the house from liens, yet the court applied the rule, saying that, "In such cases the surety may be deprived of the inducement which the principals would have to perform the contract in due time, as the contract requires," and that "the surety has a right to insist that he is bound to tho extent, in the manner, and under the circumstances pointed out in his obligation, and no further." And Mr. Justice Vanderburgh cites *Miller* v. *Stewart*, 9 Wheat. 680, 703, and other cases, to the proposition that—

"It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal."

This is extreme ground, and we do not find it necessary to go so far in this case. See *Preston* v. *Huntington*, 67 Mich. 139. The case of *Board of Com'rs* v. *Branham, supra,* contains a lengthy discussion of the American cases, which it is unnecessary to repeat. This subject was alluded to in the case of *Marquette Opera-*

*House Building Co.* v. *Wilson, ante,* 223, and applied to the extent of the necessities of that case.

The judgment of the circuit court is affirmed.

The other Justices concurred.