LAWHON v. TOORS.

Opinion delivered January 7, 1905.

BUILDING CONTRACT—DISCHARGE OF SURETY.—If a stipulation in a building contract reserving a percentage of the contract price to be paid when the work is completed be waived without the consent of the surety, it operates to discharge him from liability on his bond for the performance of the contract.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Affirmed.

### STATEMENT BY THE COURT.

In July, 1900, W. C. Sims entered into a contract with W. J. Lawhon to build a storehouse for Lawhon.    The contract, which was in writing, contained, among others, the following provision, towit:

"It is hereby mutually agreed by and between the parties hereto, that the sum to be paid by the owner to the contractor for said work and materials shall be $5,835 (fifty-eight hundred and thirty-five dollars), subject to additions and deductions as hereinbefore provided; and that such sum shall be paid in current funds by the owner to the contractor in installments as follows: Three thousand, eight hundred and ninety dollars to be paid out for materials and labor on the work when the bills for the same have been O. K.'d by the contractor and approved by the architect. The owner to advance labor pay roll on each pay day, same to be signed by each subcontractor and principal contractor and approved by the architect.   Only the two-thirds of contract price to be used as specified above, and then only when approved by the architect; $1,945, the final payment, shall be made within fifteen days after this contract is fulfilled."

To secure the performance of his contract, Sims executed a bond to Lawhon with A. T. Toors as security. The condition of the bond was that "If W. C. Sims, contractor, shall duly perform said contract, and pay all obligations incurred by him for labor and materials furnished in the construction of said building, then this obligation is to be void; but if otherwise, the same shall remain in full force and virtue."

Toors, the surety on the bond, was a dealer in lumber and building material, and he furnished to Sims, the contractor, material for the construction of the building. After the building was completed, he brought an action against Sims and Lawhon in which he asked judgment against Sims for the sum of $339.47, balance due for material for the construction of the house, and further asked that the sum be declared a lien upon the building of Lawhon.

Lawhon filed an answer, by which he denied any liability under the contract, and further set up a counterclaim that Sims had not performed his contract by paying all obligations incurred in the erection of the building, but had allowed liens to be filed against the building by the plaintiff Toors, wherefore he alleged that Toors was liable to him on his bond for the sum of $110.09, for which amount he asked judgment.

Toors filed a reply to the counterclaim, in which he alleged that Lawhon had failed to carry out the provision of the contract, which required him to retain one-third of the amount to be paid the contractor for the building until after the completion thereof, and that by reason of such failure he was discharged from liability as surety on the bond.

On the trial the case was submitted to the court without a jury who found, among other matters, that Lawhon prior to the completion of the work had paid out to Sims, the contractor, for work and materials, furnished in the erection of the building $5,355, and that this was done without notice to Toors, the surety on the bond, and without his consent. The court held that this failure to comply with the contract on the part of Lawhon operated to discharge Toors from any liability on the bond. The court therefore gave judgment in favor of Toors for his debt, and declared the same should be a lien on the building of Lawhon. Lawhon appealed.

*F. T. Vaughan,* for appellant.

The changes and alterations made in the contract were not sufficient to release the sureties. 46 N. W. 1018; 24 S. W. 200; 66 Ark. 287; 30 Pac. 183; 17 N. Y. Sup. 235; 47 Md. 177; 7 Mo. App. 283; 42 N. E. 669. The sureties were not released by payment to the contractor in advance of the time required. 4 Pa. Co. Ct. 833; 24 Am. & Eng. Enc. Law, 839; 25 W. Va. 45; 42 N. E. 669.

*A. J. Newman,* for appellee.

Written instruments are construed so as to give meaning to every word or clause, if possible. 53 Ark. 58; 18 Ark. 65; 3 Ark. 222, 258. For breach of the contract, the bond was released. 37 Mo. App. 466; 4 Pa. St. 348; 46 N. Y. 1018; 24 S. W. 200. Any material alteration releases the surety. 65 Ark. 550; 22 Ind. 388; 36 Minn. 439; 24 Am. & Eng. Enc. Law, 837; Brandt, Surety, § § 277, 278; 137 N. Y. 307; 33 N. E. 311. Payment to the contractor released the surety. 6 C. B. N. S. 550; 95 E. C. L. 550; 2 Keen, 638; 4 Pa. St. 348; 46 N. W. 1018; 23 Mo. 244.

RIDDICK, J., (after stating the facts.) The only question presented by this appeal is whether Toors has been discharged from liability on the bond executed by Sims to Lawhon for the performance of a building contract, and upon which bond Toors was surety. Lawhon agreed to pay Sims $5,835 for the erection of the building, but the contract for the performance of which the bond was given stipulated that only two-thirds of this amount should be paid during the progress of the work. The contract provided that the remaining one-third, amounting to $1,945, should be paid within "fifteen days after this contract is fulfilled." Now, the contract required that Sims should pay off all obligations incurred by him for labor and materials in constructing the building, and it was not fulfilled until he did so.

The court found, and his finding is not disputed, that, instead of reserving the $1,945 until the contract was fulfilled, Lawhon paid out all the fund except $480 before the building was completed, and that he paid out the remainder of the price within fifteen days thereafter. But at that time there were obligations incurred by Sims for material used in the construction of the

building still unpaid and outstanding.    So the whole amount of the consideration was paid out by Lawhon before Sims had fulfilled his contract, although, as before stated, the contract expressly stipulated that one-third of the consideration should not be paid until after that time.    But if we treat the contract as fulfilled by the completion of the building, there was still a breach of this provision of the contract, for, as before stated, the contract required that $1,945 should be reserved, while less than one-fourth of that amount was reserved until the building was completed.

Counsel for Lawhon contends with much earnestness that this provision of the contract in reference to the reservation of a portion of the   contract price until after the performance of the contract was intended solely for the protection of the owner, and that the failure to retain it did not affect the liability of the surety.    If this was a new question, it might be worthy of some consideration; but it is now well settled that if a stipulation of that kind in a building contract be waived without the consent of the surety, it operates to discharge him from liability on his bond for the performance of the contract.    *Calvert* v. *London Dock Co.*, 2 Keen (Eng. Chan.), 644; *Evans* v. *Graden,* 125 Mo. 72; *Simonson* v. *Grant,* 36 Minn. 439; *Bragg* v. *Shain,* 49 Cal. 131; *Board of Comrs.* v. *Branham,* 57 Fed. 179; Stearns, Law of Suretyship, p. 112.

To quote the language of Lord Langsdale in *Calvert* v. *London Dock Co.,* cited above, the payment of the money before the completion of the contract was calculated to make it easier for the contractor "to complete the work if he acted with prudence and good faith; but it also took away that peculiar sort of pressure which by the contract was intended to be applied to him."

Under the facts of this case the surety was directly interested in the retention of the portion of the consideration required by the contract, and the decision of the circuit court that the waiver of that provision without his consent operated to discharge him from further liability on his bond was in our opinion correct. There are other matters discussed by counsel, but it is unnecessary to consider them, for it follows from what we have previously said that the judgment must be affirmed, and it is so ordered.