**T. C. PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 12802. Promulgated November 18, 1927.

*Hubert L. Bolen, Esq.*, for the petitioner.
*D. H. Green, Esq.*, for the respondent.

OPINION.

GREEN: The petitioner herein contends that he is entitled to have his income determined and his tax computed upon the basis of the separate returns filed by him for the taxable year 1923, and that the respondent's action in combining his income with that of his wife, and computing the tax upon the whole thereof, is erroneous.

It appears that the petitioner, some time before March 15, 1924, filed with the collector of internal revenue for the Oklahoma district, where he then resided, separate income-tax returns for himself and wife. These returns were subsequently destroyed and a single joint return was filed. Section 223 of the Revenue Act of 1921 provides two ways in which returns for husband and wife living together may be filed. Each has a right to file a separate return or the income of each may be included in a single joint return. Either is a correct and proper return, but the return that is filed is the return, and the only return, recognized by law. Having once made the election and filed separate returns, the petitioner could not be compelled to file a return or pay tax on the other basis. See *R. Downes, Jr. v. Commissioner*, 5 B. T. A. 1029.

The record shows that the petitioner was a resident of the State of Texas from 1889 until January, 1923, at which time he moved to Oklahoma City, Okla. He was married in 1906, at which time his estate consisted entirely of personal property, part of which was invested in bank stock, some of the banks being located in the State of Oklahoma, which said Oklahoma bank stock he still owned during the taxable year. His taxable income for the year in question came partly from dividends on the Oklahoma bank stock and partly from his share of the community estate built up by the reinvestment of the income from the personal property owned by him prior to his marriage. The only reference in the record to property other than the Oklahoma bank stock owned prior to marriage is of Texas bank stock which was unproductive during the year 1923. Article 4621, Vernon's Anno. Civ. Stats., Sup. 1918, declares:

All property, both real and personal, of the husband owned or claimed by him before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands thus acquired, and the rents and revenues derived therefrom, shall be his separate property.

It accordingly follows that the stock in the Oklahoma banks at all times remained his separate property and that upon his removal to the State of Oklahoma the income from said stock was his separate income and properly so returnable.

The remainder of the income is derived from the estate that was built up during the period of residence in Texas, in which State the income from personal property was community income. See *Willcutt v. Willcutt*, 278 S. W. 236.

It appears to be well established by the Texas courts that the interests of the spouses in the community property are beneficially equal, but the legal title is in the husband, the wife's interest being vested but equitable. See 35 Harvard Law Review, p. 62; *Burnam* v. *Hardy Oil Co.*, 108 Tex. 555. When property is brought from one State to another, rights vested by the law under which it was acquired are recognized and protected. *Abraham B. Johnson et al.* v. *Commissioner*, 7 B. T. A. 820.

The income other than that from the Oklahoma bank stock which was derived in 1923, comes from a source, the legal title to which was in the petitioner, with a vested equitable interest of one-half in his wife. A similar situation may be illustrated by the following hypothetical case. A and B, residents of Texas, each invest $1,000 in a Texas oil lease, the title to which is taken in the name of A. Oil is discovered and the property sold for $100,000. A invests the proceeds in securities, taking title in himself, and subsequently they both move to Oklahoma, where they reside when the dividends are paid. In the illustration given there is no question that both A and B should report their share of this income in their separate returns. To refuse to allow the wife to report income from property in which she had a vested equitable interest would be depriving her of such rights. It is held, therefore, that the income from the husband's separate property in the amount of $4,500 is his separate income, the tax upon which should be paid by him, and that the remainder of the income was the joint income of both the husband and the wife, one half of which was properly returnable by each.

Reviewed by the Board.

> *Judgment will be entered after 15 days' notice, under Rule 50.*

MILLIKEN dissents.