First National Bank of Duluth, Special Administrator, Estate of Thomas A. Merritt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 18502, 18503. Promulgated October 17, 1928.

*A. McC. Washburn, Esq.*, and *Frank W. Wilson, C. P. A.*, for the petitioner.

*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The only question here is whether all the income flowing from the joint business activities of Thomas A. Merritt and wife in the manner set forth in our findings of fact is taxable to Merritt. The petitioner contends that when the joint account was opened more than half the value taken thereinto was owned by Jennie S. Merritt as her individual property and that she owned a moiety of all additional property taken into such account other than by reinvestment. If the fact of ownership by the wife of more than half the principal amounts used by Merritt and wife in the conduct of their joint business for the production of the income in controversy is established, the petitioner contends that as a matter of fact at least one-half of the income from such jointly owned property was the income of Mrs. Merritt and conversely, of course, that Thomas A. Merritt was not the recipient of the income that as a matter of fact belonged to his wife, and consequently can not be taxed thereon.

Chapter 8617 of the Revised Statutes of Minnesota is as follows:

All property, real, personal and mixed, and all choses in action owned by any woman at the time of her marriage, shall continue to be her separate property, notwithstanding such marriage, and any married woman during coverture may receive, acquire and enjoy property of every description, and the rents, issues and profits thereof and all avails of her contracts and industry, free from the control of her husband and from any liability on account of his debts, as fully as if she were unmarried.

Whether property and the income or proceeds therefrom is individually owned by a married woman resident in the State of Minnesota is wholly a matter of fact to be determined by a jury on preponderance of evidence. *Laib* v. *Brandenburg*, 34 Minn. 367; 25 N. W. 803. The evidence is convincing that more than half the values taken into the joint account of Merritt and wife at November 15, 1900, and at certain later dates was individually owned by Jennie S. Merritt. The record titles were in her name and in the absence of any proof to the contrary it must be presumed that she was the beneficial as well as the record owner of such property.

In *Hassfelt* v. *Dill*, 28 Minn. 469; 10 N. W. 781, the court held that a married woman might engage in any lawful business independent of her husband and that no legal consequence vesting ownership of any part of the product thereof should be deduced from the fact of coverture. Also, in *Ladd* v. *Newell*, 34 Minn. 107; 24 N. W. 366, the same court said: " No question can be raised under our laws as to the legal rights of a married woman to the increase and product of her own estate, real and personal," and, also, "A married woman is entitled to the rents, increase, and product of her property, real or personal, and may manage the same through the agency of her husband."

It is not disputed that the joint account was handled and managed by Thomas A. Merritt, that the cash received from the various sales of property included in such account was deposited in a bank account to the credit of Merritt, and that reinvestments of the funds resulting from sales were paid by Merritt with checks on the bank account that stood in his own name. In many instances the property acquired by reinvestment of funds was real estate and there is no evidence as to whether Merritt or his wife took title of record to such property. Some of the reinvestments of the funds of the joint account were in stocks or other securities and there is no evidence as to whether such stocks were issued to Merritt, to his wife, or to them jointly. All these facts and absences of fact indicate that so far as the individual property of Jennie S. Merritt made up a part of the body of assets handled and rehandled by Merritt in the joint account, he must have acted as the agent of his wife in conformity with some sort of contract, either express or implied, or if not, that whenever necessary she personally joined in the transactions.

The controversy here must be regarded as based on a contract of agency, express or implied, between husband and wife. Where such contracts involve the rights of such third parties, as the taxing authorities of the Federal Government, they should be subject to the closest scrutiny. *P. B. Fouke*, 2 B. T. A. 219. Since the contract or relationship here in controversy was made many years before the imposition of Federal income taxes under the statutes of 1913, we think the whole matter may be considered without any reference to the effect upon taxes subsequently imposed on the income flowing from the joint account.

No contract or power of attorney authorizing Merritt to act as agent for his wife is in evidence. The extent to which husband and wife may contract with each other in Minnesota is prescribed in section 8621 (G. S. 1923) of that State, as follows:

SEC. 8621. (G. S. 1923) *Contracts between husband and wife.* No contract between husband and wife relative to the real estate of either, or any interest therein, nor any power of attorney or other authority from one to the other

to convey real estate, or any interest therein, shall be valid; but, in relation to all other subjects, either may be constituted the agent of the other, or contract with the other, * * *.

Much of the value of Mrs. Merritt's property that was taken into the joint account was real estate. The record shows that such real estate was sold. It is obvious that under the law title to real estate sold that was the property of Mrs. Merritt could not be made by Merritt, and that in making title to real estate owned by his wife, Merritt could not under the law act as the agent of his wife under any form of contract. This, however, is not material to the issue here. It is not in dispute that parcels of real estate belonging to Mrs. Merritt were taken into the joint account and later sold and the proceeds thereof retained in the account either as cash or as property acquired for investment. It must be presumed that Mrs. Merritt, as vendor, personally transferred the title to such real estate to the vendees thereof. Such real estate having been converted into cash, or other personal property and taken into the joint account, it could then be handled by Merritt as agent for his wife without violence to the statute cited above.

It appears from the record that a substantial portion of the income here involved resulted from the profitable sale of certain stocks in which the funds of the joint account had been invested. We do not know the record owner of such stocks, but in our view it is not material whether the certificates were issued to Merritt, to his wife, or to them jointly, since the beneficial ownership is determined by the ownership of the funds therein invested, which we are convinced was to the extent of more than half thereof the property of Mrs. Merritt.

There is no way to determine the exact proportions in which Merritt and his wife contributed to the joint account, but the proof is convincing that at all times from the opening of such account down to and through the taxable years at least a moiety of such assets was the individual property of Mrs. Merritt, and as such property was indistinguishably commingled the presumption arises that income resulted in proportions equal to the respective individual ownership thereof. It follows, therefore, we think, that the income from such moiety was taxable to Mrs. Merritt and that the original petitioner accepted more than his actual tax liability when he included one-half the income from the joint account in the total of his gross income for each of the taxable years. The Commissioner's determination that the entire income from this joint account was taxable to Merritt in the years here involved was erroneous. *J. Galatis*, 8 B. T. A. 213; cf. *R. L. Hinckeley*, 6 B. T. A. 312; *T. F. Kelley*, 9 B. T. A. 834; *L. B. Sumlin*, 6 B. T. A. 1232.

Reviewed by the Board.

*Decision will be entered for the petitioner under Rule 50.*