T. V. LARSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12685. Promulgated November 13, 1928.

*Walter E. Barton, Esq.*, and *Lawrence T. Harris, Esq.*, for the petitioner.

*Clark T. Brown, Esq.*, and *Carl D. Eshelman, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner now concedes that since the community property laws do not prevail in the State of Oregon the filing of returns for the taxable year 1923 by himself and wife upon the community property basis was unauthorized and erroneous. He contends, however, that one-half of the income derived during the taxable year from the investment of their community property was the separate income of his wife which she was entitled, irrespective of community property laws, to report in a separate return. He contends that he was a trustee for his wife as to her half of the community property which they had accumulated while resident in the State of Washington, and was likewise her trustee for the income from the investment of her property. He further contends that one-half of the petitioner's distributable income of the partnership of Forcia and Larsen, except for the salary of $5,000 which the petitioner received for his personal services, was income to his wife through her investment in the partnership.

The petitioner on leaving the State of Washington in 1922 invested in the partnership of Forcia and Larsen the sum of $25,662.21 in timber lands and sawmill equipment in the State of Oregon. Of the amount so invested $15,662.21 was cash belonging to the petitioner and his wife jointly and $10,000 was borrowed by the petitioner and his wife from the latter's father, O. S. Moe. There was never any separate agreement between the petitioner and his wife in respect of the investment of their joint property. Both the petitioner and his wife thought that community property laws similar to those of the State of Washington prevailed in the State of Oregon and that the status of their community property would not

be changed by their change of residence from the State of Washington to the State of Oregon.

We held in *John Henry*, 6 B. T. A. 131, that the wife's interest in community property under the laws of the State of Washington is regarded as a present vested right. We also held in *T. C. Phillips*, 9 B. T. A. 153, that the removal of property from one State to another does not affect the rights vested therein by the laws under which it was acquired. In the latter case a husband and wife, residents of Oklahoma, filed separate returns for the year 1923, in which each reported one-half of the income received from property acquired while residents of the State of Texas. In the opinion we said:

> It accordingly follows that the stock in the Oklahoma banks [which the petitioner owned at the time of marriage] at all times remained his separate property and that upon his removal to the State of Oklahoma the income from said stock was his separate income and properly so returnable.
>
> The remainder of the income is derived from the estate that was built up during the period of residence in Texas, in which State the income from personal property was community income. See *Willcutt* v. *Willcutt*, 278 S. W. 236.

The principle laid down in the *Phillips* case is that the vested rights of the parties of the community attached to the income from their separate property as well as to the property itself, notwithstanding that the property has been removed from the State and that such income may be reported by the parties in separate returns. In the case at bar it is not to be disputed that the petitioner's wife had a vested interest in one-half of the total amount of capital that the petitioner acquired in the State of Washington. This capital was used by the petitioner with the consent of his wife in the partnership which the petitioner formed with Forcia. There is no evidence and no claim made that the petitioner's wife was a member of this partnership. There is nothing to indicate that the situation is different from what it would have been if the petitioner and his wife had always been residents of Oregon and the wife had allowed the petitioner to use in the sawmill business a part of her capital. Under the taxing act a partner is required to account for his pro rata share of the distributable profits of the partnership. This is all that the Commissioner is requiring the petitioner to account for in the instant proceeding.

In support of the claim that the petitioner invested community property and the proceeds of a joint note in the lands, timber, and sawmill plant of Forcia and Larsen, one-half thereof for himself and the other one-half thereof in trust for his wife, the petitioner relies upon a line of decisions wherein the courts have held that where a husband took money belonging to his wife and purchased real estate therewith the husband was a trustee for his wife. *Lane* v.

*Myers*, 70 Ore. 376; 141 Pac. 1022; *Barnes* v. *Spencer*, 79 Ore. 205; 153 Pac. 47. Those cases are to be sharply differentiated from the present one. In the proceeding at bar it is clear that the community property was invested by the petitioner with the full consent of his wife. Furthermore, the question here is not the right of the wife to claim an interest in the capital invested in the partnership by the petitioner but the right of the petitioner to escape tax liability on a portion of his pro rata share of the profits of the partnership for the year 1923. Presumably those profits were obtained in part from the investment of money and in part from services and skill in the management of the business. No claim is made that the petitioner's wife contributed to any portion of the profit which may be ascribed to the services performed by the husband. Even if there might be merit in the claim of the petitioner that a part of the profits representing a fair return upon his wife's invested capital was income of the wife, we can not determine what such amount would be. Upon the record the determination of the Commissioner must be and is sustained.

*Judgment will be entered for the respondent.*