E. W. BATTLESON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39802.    Promulgated February 28, 1931.

*P. H. Loughran, Esq.,* and *F. S. Jacobsen, Esq.,* for the petitioner.
*J. E. McFarland, Esq.,* for the respondent.

458

OPINION.

BLACK: Petitioner makes the following contentions:

That a contract of partnership was entered into between E. W. Battleson, petitioner herein, and Caroline Hensrud, at Hamlet, North Dakota, during the year 1912, as shown by the evidence.

That said partnership continued in full force and effect until dissolved as of January 1, 1925.

That income reported by petitioner to Commissioner of Internal Revenue as being received for the year 1925 was all the income lawfully chargeable to petitioner.

That petitioner only received for his own use and benefit and retained under his control, the amount of income shown upon his personal return of income for the year 1925, filed with respondent.

That petitioner can only be charged with such income as he actually received for the year 1925 and as disclosed by his personal return of income filed with respondent.

That petitioner can not lawfully be taxed upon the separate income of his wife, which he never received and over which he could not maintain or hold any control and which he never had owned or possessed.

We do not understand that petitioner, in the above contentions, claims that his wife was a partner in the various business firms mentioned in our findings of fact, other than the original Hamlet Cash Store, until the taxable year 1925, but that the interest in those other firms in which he was a partner was purchased with funds partly hers and that as between themselves they were partners in that interest and that she was owner of one-half of all the property and that the division in January, 1925, was legal. The proof is positive and uncontradicted that petitioner's wife was a partner in the Hamlet Store and that she contributed $5,000 of her own money to its capital before her marriage to petitioner, and that he contributed an equal amount to the same partnership. It is equally clear that this $10,000 and its accumulations resulting from reinvestments was used by petitioner and invested by him for their joint benefit in the various businesses mentioned.

Compiled Laws of North Dakota for 1913, at section 4410, provides:

Husband or wife may enter into any engagement or transaction with the other or with any other person which the other might if unmarried. The wife, after marriage, has, with respect to property contracts and torts, the same capacity and rights, and is subject to the same liabilities as before marriage, and in all actions by or against her she shall sue and be sued in her own name.

Compiled Laws of North Dakota of 1913, at section 6386, define partnerships as:

The association of two or more persons for the purpose of carrying on business together and dividing its profits between them.

At section 6389:

The property of a partnership consists of all that is contributed to the common stock at the formation of the partnership and all that is subsequently acquired thereby.

At section 6390:

The interest of each member of a partnership extends to every portion of its property.

The Law of Montana, Revised Code 1921. At section 5786:

Either husband or wife may enter any engagement or transaction with the other.

At section 5792:

All property the wife owned before her marriage and that acquired afterwards is her separate property.

At section 5811:

A married woman may make contracts * * * in the same manner, to the same extent, to the like effect, as if she were a single woman.

At section 7981:

Partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them.

At section 7983:

The property of a partnership consists of all that is contributed to the common stock at the formation of the partnership and all that is subsequently acquired thereby.

At section 7984:

The interest of each member of a partnership extends to every portion of its property.

At section 7985:

In the absence of any agreement on the subject the shares of partners in the profit or loss of the business are equal, and the share of each in the partnership property is the value of his original contribution, increased or diminished by his profit or loss.

At section 7988:

Property, whether real or personal, acquired with partnership funds, is presumed to be partnership property.

At section 8009:

A general partnership is dissolved as to all partners,

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(3) By the death of a partner.

(4) By the transfer to a person, not a partner, of the interest of any partner in the partnership property.

We will first take up the question as to whom the income from the notes, bonds and other securities, set apart to Caroline Battleson in the partition agreement, should be taxable.

In *First National Bank of Duluth, Administrator*, 13 B. T. A. 1096, the taxpayer and his wife combined their resources in 1900, consisting of real estate, notes, mortgages and other securities, into a joint account and the combined resources were used, invested, reinvested and managed by the husband for their joint benefit down to and through the taxable years 1916 and 1917. As sales were made, the proceeds were reinvested for the joint account of the taxpayer and wife and all investments for such joint account were made from the proceeds resulting from sales of the original and added properties or from reinvestments of profits resulting from sales thereof, and all the income involved was produced by such property. The Board held that so much of the income as resulted from the wife's share of the property was taxable to her and not to her husband, the taxpayer.

In *L. F. Sunlin*, 6 B. T. A. 1232, the taxpayer went into a business partnership with an unmarried woman who contributed $25,000 of her own funds to the capital. Subsequently they married and the business continued as before and proved profitable. The Commissioner sought to include the entire profits of the business in the husband's income on the ground that husband and wife could not be partners in Michigan, but the Board held this was erroneous and held that the wife was entitled to her share of the income and it was taxable to her, even though marriage did dissolve the partnership. Under the authorities above cited, we hold that the income from the notes, stocks and bonds set apart to the wife in the partition of property in 1925 was her separate income and properly taxable to her and not to petitioner.

The next question which we must decide is to whom were the partnership profits in the several partnerships, purported to have been transferred to the wife in the partition, taxable in 1925? If we had before us the question of taxing the profits of the Hamlet Cash Store, Hamlet, N. Dak., the original partnership entered into between petitioner and Caroline Hensrud, later his wife, it would be clear that the wife was a partner and her share could not be taxed to the petitioner, but we do not have the profits of that partnership before us. Several years prior to the taxable year in question that partnership ceased business. The several partnerships mentioned in our findings of fact, and doing business in Montana, were those in which petitioner was a partner but in which, prior to late in

1925, the name of petitioner's wife did not appear. True, the evidence shows that the wife owned a one-half interest in all the property and undoubtedly she would have had the right to demand an accounting from her husband for her part of the income from such property, but that fact did not make her a partner in the several partnerships in which her husband held a partnership interest. It is the contention of petitioner that because there was a partition of property between petitioner and his wife in January, 1925, and she took, among other things, petitioner's interest in the partnerships of Peterson, Battleson and Haagenson, Scobey, Mont., Peterson Mercantile Company, Shelby, Mont., and Peterson & Company, Plentywood, Mont.; that, therefore, the profits in these firms in 1925 were taxable to petitioner's wife and not to petitioner. But, in considering the merits of this contention, it should be remembered that a partner has no interest in any particular part of partnership property which he can assign to a third person. All that he can assign is his share of the surplus which may remain after the payment of all partnership debts, and, under the laws of the State of Montana, the conveyance by one partner of his share in the partnership property to a third party works an immediate dissolution of the partnership. Section 8009, Revised Code of Montana of 1921, reads:

A general partnership is dissolved as to all partners

\*           \*           \*           \*           \*           \*           \*

(3) By the death of a partner.
(4) By the transfer to a person not a partner, of the interest of any partner in the partnership property.

In the instant case the evidence does not support the contention that there was a dissolution of the several partnerships purported to have been set over to petitioner's wife, nor that there was any agreement that her name should be substituted during 1925 in the several partnerships as a partner instead of petitioner. On the contrary, the partnership information returns filed by the several partnerships in question for the taxable year negative the idea that there was a dissolution of the then existing partnerships, and they each reported the partnership interest in question in the name of E. W. Battleson. So it seems to us that the situations so far as partnership profits for the taxable year in question are concerned, are not materially different from those in *Harris* v. *Commissioner*, 11 B. T. A. 871. In the latter case Harris executed a deed to his wife purporting to convey a one-fourth interest to her in seven plays being produced by the firm of Cohen & Harris, but we held in that case that what actually passed by the deed of conveyance was the right to share in partnership profits yet to be earned and that no change was made thereby in the status of the partnership of Cohen & Harris and that Harris was still taxable with his full share

of the partnership profits. Our decision was affirmed by the Circuit Court of Appeals, Second Circuit, 39 Fed. (2d) 546.

If the facts in the instant case had shown that at the time of partition of property between petitioner and his wife the other partners in Peterson, Battleson and Haagenson, Scobey, Mont.; Peterson Mercantile Company, Shelby, Mont.; and Peterson & Company, Plentywood, Mont., had agreed that petitioner's wife should become a partner instead of petitioner, and that she did in fact become a partner, then a new partnership would have sprung into existence from that date and the profits accruing to the interest of petitioner's wife would have been taxable to her and not to petitioner, for undoubtedly under the laws of the State of Montana a married woman can be a partner in her own right, but no such agreement is shown to have been made with the other partners.

We think it is clear enough that petitioner's wife owned one-half of all the property, but in *T. V. Larsen*, 14 B. T. A. 160, we held that where the husband is partner in a partnership he should return all his distributive share of the partnership profits, even though the wife may be the actual owner of one-half of the property used in the partnership.

The Court of Appeals of the District of Columbia, in affirming our decision in the *Larsen* case, decided December 1, 1930, said:

In our opinion the Board's decision is correct. It is conceded by appellant that the filing of separate returns by himself and wife for 1923 upon a community property basis was unauthorized and erroneous, since such a basis was not recognized by the laws of Oregon. He contends however that his wife was the owner of one-half of the funds which were contributed as their share of the partnership assets, and that it was understood by and between them that she should remain the owner thereof as before. He claims accordingly that he became a trustee for her as to the one-half of the investment and also one-half of the profits accruing therefrom; and that the one-half thus received by each was properly taxable to each.

We think this argument is untenable. It is true that the wife's interest in the community property is regarded as a present vested right under the laws of the State of Washington, 6 B. T. A. 131, and that this interest was not affected by the removal of the parties to the State of Oregon, 9 B. T. A. 153. It is also true that appellant was accountable to his wife under the circumstances for the investment which he was managing for her. Nevertheless appellant's wife was not an actual partner in the firm, for the copartnership consisted of appellant and Forcia alone. And the applicable statute requires that the distributive share of each partner, of the net income of a partnership, shall be included in the individual return of the partner for the taxable year.

From the evidence before us, the earliest that we would be justified in finding that Caroline Battleson became an actual partner in the several firms mentioned herein was in 1926, and 1926 is not before us.

We think respondent committed no error in adding the profits from these several partnerships, which had been reported by peti-

tioner's wife on her separate return, to petitioner's return. Respondent did commit error in adding to petitioner's income the income of Caroline Battleson from notes, bonds and stocks, which we find was her separate income and should be taxed to her separately.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

PHILLIPS, dissenting: There is no doubt that the present decision is in accord with the decisions cited. Despite such decisions, I have never been able to understand why one who is a partner must report as his income the full amount of his distributive share of the partnership earnings, despite the existence of an enforceable agreement under which he holds all or part of his partnership interest as a trustee for another, or where there is a subpartnership agreement. The tax is imposed only upon the income of the person taxed, not upon income which he collects for another, because the property from which it is derived is in his name.

The cases in which one attempts to assign to another, without consideration, income to arise in the future, whether from a partnership interest or from other property, or reserves the right to revoke an assignment of an income-producing asset (*Ormsby M. Mitchel*, 1 B. T. A. 143; affd., *Mitchel* v. *Bowers*, 15 Fed. (2d) 287) do not seem in point. In the first case the gift of future income is unexecuted, and incomplete until the income is received and paid over, and the unexecuted gift is revocable at will. In the second case, the income is likewise in the control of him who earns it. But where, as here, there is a valuable consideration and an enforceable claim to the earnings of the partnership, there is no reason or authority for requiring the ostensible recipient to return as his income that which belongs to another. See also *Poe* v. *Seaborn*, 282 U. S. 101.

McMAHON agrees with this dissent.

---

LOVE, dissenting: I can not agree with the decision reached on the last point in this case. I think that it is contrary to substantive law as such law exists in the State where these property rights are located and by which laws the property rights therein involved are controlled. It may be pointed out in passing that the Federal Government has never assumed the prerogative and does not possess the constitutional right to determine the property rights existing in any of the States. It is the State laws that control such rights.

In the instant case the bona fides of the partition contract between the husband and wife is not questioned. It is conceded that as a result of that partition contract between the husband and wife the three businesses taken over by the wife thereafter belonged to her as her separate property, she being the owner by fee simple title of the corpus or invested capital of those businesses, as well as of the profits flowing from them. In other words, the profits earned in those businesses, to the extent of the interest therein theretofore held by the husband, were hers, as and when the profits were earned, and never after that partition did any of those assets, property or income belong to the husband. If that be true, and I know of no ground upon which that proposition may be challenged, then there is no authority in law for taxing the husband on the income of the wife.

The Sixteenth Amendment to the Constitution never was intended to tax and does not authorize the taxing of one person on another person's income; neither does the statute or any section thereof require that such be done. It has been urged that the peculiar wording of the statute, section 218(a) of the Revenue Act of 1924 (and corresponding sections of other acts) requires that the distributive share of the profits of the partnership shall be taxed to the partners. Section 218 above cited does not *impose* any tax on any one. Section 210 *imposes* the tax on individuals. Section 230 *imposes* the tax on corporations and other sections impose tax on other entities. Partnerships come in the chapter that deals with individuals. The purpose of section 218 was, and is, to prescribe that partnerships as such shall pay no tax, and to prescribe that the tax due on the profits earned by the partnership business shall be paid by the owners of the business in their individual capacity.

While the statute does prescribe that " there shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for taxable year," the burden of that clause is to prescribe that such income shall be taxed to its owner for the year in which it is earned *whether distributed or not*. The word " partner " is used as synonymous with and with no other force and effect than " owner." If the statute be construed so as to tax the husband with that income, when the wife is the owner of the income, a meaning is given to that statute that renders it clearly unconstitutional. It is not within the constitutional power of Congress to give or impute title to that income first to the husband after distribution, when the substantive law of the State of its situs places title thereto at all times in the wife.

TRUSSELL and MATTHEWS agree with this dissent.

MURDOCK, dissenting: Although I agree that the result reached in the prevailing opinion in the first question there decided is correct, I do not agree that the issue can be decided solely on the authority of the two cases there cited. Those two cases are not parallel cases, for the petitioners therein resided in States where there was no community property.

The next question considered in the prevailing opinion has not been adequately disposed of. The findings of fact do not make clear exactly what happened in January, 1925. It is found that at that time " it was agreed that petitioner's wife should take the entire interest of both in " three partnerships. It should be decided, if possible, whether or not the petitioner transferred his interest in these partnerships to his wife at that time. If he did, then under section 8009 of the Revised Code of Montana of 1921 the various partnerships were immediately dissolved. Thereafter, the petitioner was no longer entitled to a distributive share of the net income of any of these former partnerships. I do not see that it makes any difference when the wife's name was substituted for that of the petitioner in the capital accounts of the three firms.

MATTHEWS agrees with this dissent.