BANDMANN, Respondent, *v.* DAVIS, Trustee, Appellant.

[No. 1,149.]

[Submitted October 16, 1899.    Decided December 4, 1899.]

*Contract — Damages   for   Breach — Lease — Pleading — Practice.*

In an action to recover a judgment for damages occasioned by the breach of a certain contract: *Held,* that the particular contract upon which the action was based was not a lease.

ON MOTION FOR REHEARING.

1. The objections urged at the trial to the reception of evidence under a complaint were, that one of the causes alleged in it arose *ex delicto*, whereas the other arose *ex contractu* and was not separately stated and numbered: *Held*, that a motion to exclude evidence, or an objection to receiving it, is not the remedy for the intermingling in one count of several causes of action.
2. A demurrer is the only remedy by which a complaint may be attacked upon the ground that causes of action are improperly united therein.

*Appeal from District Court, Missoula County; Frank H. Woody, Judge.*

ACTION by D. E. Bandmann against A. J. Davis, as trustee of the First National Bank of Butte City, a corporation. From a judgment in favor of plaintiff and from an order denying a new trial, the defendant appeals. Affirmed.

COPY OF THE CONTRACT UPON WHICH THE ACTION IS BASED.

''This agreement, made and entered into this 18th day of April, 1895, by and between Daniel E. Bandmann, of Missoula, Montana, party of the first part, and A. J. Davis, Trustee, of Butte City, Montana, party of the second part:

''Witnesseth, That whereas, the said second party is trustee of certain bonds executed by the Canon Ditch Company, and is also lessee of the said Canon Ditch; and, whereas, the said first party is the owner of property through which said ditch has right of way, and resides near the head of said ditch;

''Now, therefore, this agreement, said party agrees to repair the said ditch from its head to the lower end of his ranch and to put the same in good running order and to maintain the same during the season of 1895; that is to say, from the present time to the close of the irrigating season, for and in consideration of the sum of ($250) two hundred and fifty dollars, to be paid as he shall need from time to time during the said season; said second party to furnish at the Blackfoot Mills such lumber as shall be needed for repairs, and to supply such nails and oakum in Missoula as shall be necessary to keep up the said ditch; the said second party agrees to use all due diligence in apprehending and punishing

any person or persons who in any manner without authority shall interfere with the operation of said ditch or any part thereof.

"In addition to the above consideration, the said first party shall and receive without further consideration than above specified, not to exceed a one-tenth of the water of said ditch, according to the measurement of the same; the first party to deliver in the flume of said second party nine-tenths of said waters.

"And, further, said second party, or his representative or agent, shall at all times have access to any portion of said ditch, and have full charge of all head-gates or openings from said ditch, and the right to close the same, and open all waste-gates as he may see fit; provided, that at all times the said first party shall be entitled to receive the one-tenth of the waters of said ditch, as before provided.

"In witness whereof, the parties hereto have set their hands and seals the day and year first above written.

> "DANIEL E. BANDMANN,
> "*Party of the First Part.*
> "ANDREW J. DAVIS,
> "*Party of the Second Part.*"

*Mr. E. N. Harwood,* and *Mr. George A. Clark,* for Appellant.

*Mr. Marcus L. Crouch,* and *Mr. F. C. Webster,* for Respondent.

**PER CURIAM.**—The subject of this action is a contract, its cause is the breach thereof by defendant, and its object is to recover a judgment for the damages occasioned by such breach. From a judgment for $1,600 in favor of the plaintiff, and from an order denying a new trial, the defendant appeals.

The consideration of the many specifications of error has engaged our careful attention. We are satisfied that no error prejudicial to the defendant was committed by the district court, and that substantial justice under well recognized prin-

ciples of law has been meted out by the judgment. To discuss and determine seriatim the points made by the defendant would serve no useful purpose, and we therefore refrain from encumbering the records and reports with comparatively useless matter. We may observe, however, that the contract upon which the action is based is not a lease.

The judgment and the order refusing a new trial are affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

[Decided January 29, 1900.]

The earnestness with which counsel for the defendant have pressed the motion for a rehearing has induced us to re-examine the record and again consider their various assignments of alleged error. Further deliberation has served only to strengthen the conclusion announced in the former opinion. That the contract which was the subject of the action is not a lease is apparent; but, if it were a lease, the evidence offered by the defendant would, if received (and in his abstract he treats it as proof adduced), have been conclusive against him; for the plaintiff was ousted from the possession of the property let by the defendant to him by one Cook, who had title under a sheriff's deed to the property, issued after a sale under a money judgment in his favor, which judgment had been duly docketed and was a lien prior to the inception of any right in the defendant to take possession. True, the defendant held a mortgage from the then owner of the real property which antedated the docketed judgment, but the mortgage was in the common form and contained nothing authorizing new dealings or agreements which would affect a lien subsequently acquired; and the lien by judgment, although inferior to the lien of the mortgage held by the defendant, attached prior to the making of the new agreement between the defendant and the mortgagor. It is plain that Cook was the owner of the real estate at the time he ousted the plaintiff therefrom, his ownership being subject to the defendant's

mortgage; and that the defendant is liable to the plaintiff for the breach of the covenant of peaceable possession and quiet enjoyment, implied in the lease.

One of the causes of action is not separately stated and numbered, and is not as well averred as it might have been; the objections urged at the trial' to the reception of evidence under it were that one of the causes alleged in the complaint arose *ex delicto*, whereas the other arose *ex contractu*, and was not separately stated and numbered. A motion to exclude evidence, or an objection to receiving it, is not the remedy for the intermingling in one count of several causes of action; nor is there remedy other than demurrer, by which the complaint may be attacked upon the ground that causes of action are improperly united therein. Moreover, each cause of action arose out of the same contract, and they were such as may properly be united in the same complaint. In this Court the defendant urges, in addition to the objections made below, that the statement so attacked is insufficient in substance to constitute a cause of action. As has been said, it might have been better draughted, but it is an example of the defective statement of a cause of action, and not of a defective cause of action alleged.

If we assume that it was the duty of the defendant to prevent damage to his crops and trees if he could do so by a trifling expense, the position of the defendant is not bettered, for the reason that the evidence tended to show that the plaintiff made reasonable but unsuccessful efforts to obtain water, and the charge of the court upon this point, as well as upon the whole case, was at least as favorable to the defendant as the law warrants.

No error prejudicial to the defendant was committed, and the motion for a rehearing is denied.

*Denied.*