GALVIN, RESPONDENT, *v.* O'GORMAN, APPELLANT.

(No. 2,750.)

(Submitted January 20, 1910. Decided January 29, 1910.)

[106 Pac. 887.]

*Pleading and Practice—Causes of Action—Failure to State Separately—Remedy—Theory of Case—Sufficiency of Pleadings—Waiver—Debt—Acknowledgment—Evidence.*

Pleading and Practice—Causes of Action—Failure to State Separately—Remedy.

1. Where plaintiff had three causes of action, but failed to state them separately, as required by section 6533, Revised Codes, the proper remedy was a motion to make the complaint more definite and certain by separately stating the causes of action, and not a motion to withdraw from the jury's consideration all evidence relating to two of said causes of action.

Trial—Theory of Case—Sufficiency of Pleadings—Variance—Waiver.

2. Where an action for money lent was tried on the theory that the pleadings were sufficient to admit certain proof for the purpose for which it was offered, the losing party will not be heard to assert for the first time in the appellate court that there was a variance between the pleadings and proof.

Debt—Acknowledgment—Evidence—Letters—Sufficiency.

3. Plaintiff had made to defendant three different loans, amounting in the aggregate to $183. In a letter to the former, defendant promised to repay $150 (which amount exceeded any one item of plaintiff's claim) on a certain day, and in a later one asked for more time in which to make payment. The three loans constituted all the transactions between the parties, and there was not any dispute as to the amount received by defendant from plaintiff. *Held,* that the letters were properly admitted as referring to the entire indebtedness, and were a sufficient acknowledgment of the debt to take it out of the statute of limitations.

*Appeal from District Court, Madison County; Lew. L. Calla-way, Judge.*

ACTION by William Galvin against John O'Gorman. From a judgment for plaintiff, and an order denying his motion for a new trial, defendant appeals. Affirmed.

In behalf of Appellant, there was a brief by *Messrs. Clark & Duncan.*

Under the evidence there is no mutual, open and current account in this case. The evidence shows no reciprocal demands between the parties, which is necessary in order for it to have been mutual, open and current. (*Fraylor* v. *Sonora Min. Co.,* 17 Cal. 594; *Flynn* v. *Seale,* 2 Cal. App. 665, 84 Pac. 263; *Millet* v. *Bradbury,* 109 Cal. 170, 41 Pac. 865.)

When plaintiff relies in his complaint on one cause of action, and the evidence shows three distinct causes, two of which are barred by the statute of limitations, which is pleaded in the answer, such causes fail and no recovery can be had thereon. (*Gwinn* v. *Hamilton's Admr.,* 75 Cal. 265, 17 Pac. 212; *Adams* v. *Patterson,* 35 Cal. 122.)

To render the letters from defendant admissible for the purpose of protecting the debt or debts from the statute of limitations, it was necessary and absolutely essential for the reply to have specifically set forth that the debt or debts had been acknowledged in writing by the defendant, or that he had, in writing promised to pay the same within a period of five years from the date of the filing of the complaint. (*Ringold* v. *Dunn,* 8 Ark. 497; *Howard* v. *Windom,* 86 Tex. 560, 26 S. W. 483; *Kesterson* v. *Hill,* 101 Va. 739, 45 S. E. 288; *Bloodgood* v. *Bruen,* 8 N. Y. 362; *Harding* v. *Durand,* 138 Ill. 515, 28 N. E. 948; *Strong* v. *State,* 57 Ind. 428; *Zoll* v. *Carnahan,* 83 Mo. 35; *Bevan* v. *Cullen,* 7 Pa. 281; *Beard* v. *Simmons,* 9 Ga. 4; *Pierce* v. *Perry,* 189 Mass. 332, 109 Am. St. Rep. 637, 75 N. E. 734.) An acknowledgment or promise to pay a debt must specify, or plainly refer to, the particular demand where an

account exists consisting of various disconnected items. (*Martin* v. *Broach,* 6 Ga. 21, 50 Am. Dec. 306; *Walker* v. *Griggs,* 32 Ga. 127; *Bulloch* v. *Smith,* 15 Ga. 398; *Appeal of Mayfaith* (Pa.), 2 Atl. 28; *Davis* v. *Steiner,* 14 Pa. 275, 53 Am. Dec. 547.) And the writing must acknowledge the particular debt as an existing liability. (*Paille* v. *Plant,* 109 Ga. 247, 34 S. E. 274; *Richards* v. *Hayden,* 8 Kan. App. 816, 57 Pac. 978; *Pierce* v. *Merrill,* 128 Cal. 473, 79 Am. St. Rep. 63, 61 Pac. 67.) As to whether the alleged acknowledgment or promise to pay was such as to take the alleged debt or debts out of the statute is a question of law for the court, and not a question of law and fact for the jury, and therefore it was improper to have submitted the question to the jury for its determination. (*Martin* v. *Broach,* 6 Ga. 21, 50 Am. Dec. 311.)

*Mr. Edmund J. Callaway* submitted a brief in behalf of Respondent.

The acknowledgment from which a promise may be implied need not be in any particular form or contain any particular substance; it is sufficient if the debt be acknowledged as an existing one, and a liability or willingness to pay it is inferable therefrom. The acknowledgment of the debt may be in whole or in part, and need not be express, but may be inferred from facts or acts. (*Haythorn* v. *Cooper,* 65 Kan. 338, 69 Pac. 333; *Biddell* v. *Brizzolara,* 56 Cal. 374; *Brothwaite* v. *Harvey,* 14 Mont. 208, 43 Am. St. Rep. 625, 36 Pac. 38, 27 L. R. A. 101.) The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment therefor, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same. From such an acknowledgment, the law implies a promise to pay. (*Southern Pac. Co.* v. *Prosser,* 122 Cal. 413, 55 Pac. 145; *McCormick* v. *Brown,* 36 Cal. 180, 95 Am. Dec. 170; Wood's Limitations of Actions, secs. 68, 85; *Chabot* v. *Tucker,* 39 Cal. 434; *Concannon* v.

*Smith,* 134 Cal. 14, 66 Pac. 40; *Worth* v. *Worth,* 155 Cal. 599, 102 Pac. 663.) "Where it is sought to avoid the bar of limitation because of a general admission of indebtedness, and such admission is proved, it must be taken to relate to the indebtedness in suit, in the absence of evidence that it referred to some other demand." (*Blackmore* v. *Neale,* 15 Colo. App. 49, 60 Pac. 952.)

The allegations of the reply are sufficient to have put the defendant upon his guard; he knew of the existence of the letters and his promise to pay the debt, and the defendant should have demurred to the reply, if it was not sufficient. This he did not do. (*Fowler* v. *Insurance Co.,* 35 Or. 559, 57 Pac. 421; *Patterson* v. *Patterson,* 40 Or. 560, 67 Pac. 664; *Younger* v. *Moore,* 155 Cal. 767, 103 Pac. 221; *Great Western etc. Co.* v. *Chambers,* 153 Cal. 307, 95 Pac. 151; *Campbell* v. *Great Falls,* 27 Mont. 37, 69 Pac. 114.)

Cause submitted on briefs of counsel.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that between May 1 and October 1, 1903, the plaintiff loaned to defendant, at defendant's special instance and request, $183, which defendant promised to repay, but has failed and neglected to do so, or to repay any part thereof. The answer consists of a general denial and a plea of the bar of the statute of limitations. The reply denies the allegations of the special plea, and contains the following: "(2) Alleges that the said cause of action as herein sued upon, and as pleaded in plaintiff's complaint, is in full force and effect, and still subsisting. (3) That the said transaction, as pleaded in plaintiff's complaint, took place within the five years next preceding the filing of the said complaint." A general verdict was returned in favor of the plaintiff, and the defendant appealed from the judgment entered thereon, and from the order denying his motion for a new trial.

The evidence offered on the part of the plaintiff tends to show that in May, 1903, he loaned defendant $100, in June, $75, and in September, $8. The action was commenced September 14, 1908. The other evidence offered by plaintiff will be considered hereafter. At the conclusion of plaintiff's case defendant moved the court to withdraw from the jury's consideration all evidence touching the loan of $100 or the loan of $75, upon the following grounds: "That the plaintiff's evidence shows that these two items were separate and distinct, and that they were contracted, if at all, more than five years prior to the date of the commencement of this action; that the testimony fails to show that the account is a mutual, open account within our statute; that in fact each item is a separate and distinct one, and it cannot be considered as a running account, or a mutual, open account between the parties." This motion was denied. The defendant requested the court to charge that if the jury found that the $100 and the $75 were received by defendant before September 14, 1903, then plaintiff's cause of action was barred as to those items. This request was also refused.

It seems clear from the evidence that plaintiff has three separate causes of action, and that he did not state them separately, as required by section 6533, Revised Codes; but there was not any objection made by defendant on that ground. The motion above did not raise the objection. The proper practice in such a case is outlined in 5 Encyclopedia of Pleading and Practice, 336, where it is said: "The clear weight of authority, however, is that the proper remedy for a failure to state separately is a motion to make the complaint more definite and certain by separately stating the causes of action." This same rule is stated in Pomeroy's Code Remedies, fourth edition, section 341 (*section 447), and is approved in *City Carpet Beating etc. Works* v. *Jones*, 102 Cal. 506, 36 Pac. 841.

The plaintiff sought to show that in 1904 and 1905, the defendant had acknowledged, in writing, the entire indebtedness, and had promised to pay the same, and to this end introduced in evidence five letters written by defendant to him. The first of these, dated May 12, 1904, is as follows: "I note what you

say about going home next month & was glad you spoke of it & gave me so much time. Well Bill I will be able to send you at least 150 dollars the first of the month. I will try my best to send you all of it but if I can't I will send it after you." The plaintiff testified that this letter was a reply to one he had written to defendant about the money in controversy. Another letter, characteristic of the others received by plaintiff from defendant, was dated January 5, 1905, and is as follows: "Yours of the 3d inst. received just now. Well Bill my intentions were good. It was my mistake for not answering your letter but I could not get the money to send to you. Smith has bought out Boyd & I cannot get any money until everything is settled. No more at present hoping you will give me a little more time, I remain, Yours Truly, Jno. O'Gorman. I heard it went to the old Country about my owing you some money. J. O'G."

It is urged: (1) That the reply is not sufficient to admit this evidence to show an acknowledgment and promise to pay, and as an abstract proposition we agree with this; but there was not any objection raised in the trial court to the sufficiency of the reply. This evidence was introduced without objection, and there was not any request made to limit its use before the jury. It is a rule of quite uniform recognition that, where a cause is tried upon the theory that the pleadings are sufficient to admit the proof for the purpose for which it is offered, the losing party will not be heard in the appellate court for the first time to assert that there was a variance between the pleadings and proof. (22 Ency. of Pl. & Pr. 640.) If timely objection had been made to this reply in the trial court, the plaintiff would then have had an opportunity to file an amended reply; but since such objection was not made, the objection now urged comes too late. (*Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309.)

2. It is said that these letters do not clearly refer to any particular indebtedness, or to any specific item of plaintiff's claim. But the evidence does show that these three loans, if loans they

were, constituted all the transactions between the parties, and in *Blackmore* v. *Neale,* 15 Colo. App. 49, 60 Pac. 952, the rule which we approve is stated as follows: "It is equally well settled that a general promise or acknowledgment of indebtedness will be taken to relate to the demand in suit; and, wherever a promise or acknowledgment of indebtedness is once proven, the burden shifts to the defendant to show that it relates to some other debt than the one with reference to which the promise presumably was made."

It will be observed that the sum of $150, mentioned in the letter of May 12, 1904, above, exceeds any one item of plaintiff's claim, and that reference is made to a balance which will remain after the $150 is paid. Since there is not any dispute whatever as to the amount of money received by defendant from plaintiff, we think these letters must be held to refer to the entire $183. That these letters constitute a sufficient acknowledgment of the indebtedness and promise to pay, if so intended, seems altogether plain. (*Worth* v. *Worth,* 155 Cal. 599, 102 Pac. 663.) Section 6472 of our Revised Codes, in so far as it relates to the subject now under consideration, is identical with section 360 of the California Code of Civil Procedure, which has been given a construction in harmony with our conclusion. (*Concannon* v. *Smith,* 134 Cal. 14, 66 Pac. 40. See, also, 25 Cyc. 1331.)

The evidence offered on behalf of the defendant discloses that he contended (a) that the relation of mining partners existed between plaintiff and himself, and that the $183 was advanced by plaintiff with the intention that it should be used by defendant, and was used by him, in their common undertaking; and (b) that the letters do not refer to the return of a loan, but to money which defendant was proposing to advance to plaintiff. Both of these contentions presented questions of fact, which appear to have been submitted to the jury under proper instructions numbered 4, 5, and 7, and resolved against the defendant.

We do not find any error in the record. The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.

