MARCELLUS, APPELLANT, v. WRIGHT ET AL., RESPONDENTS.

(No. 3,582.)

(Submitted January 6, 1916.  Decided January 17, 1916.)

[154 Pac. 714.)

*Resulting Trusts — Complaint — Demurrer — Mortgages—Husband and Wife—Foreclosure—Right of Wife.*

Pleading and Practice—Complaint—Demurrer—Capacity to Sue.
1.  Where lack of capacity in plaintiff to sue does not appear from the face of the complaint, a demurrer to it on this ground must point out wherein he lacks capacity.

Same—Another Action Pending—Frivolous Demurrer.
2.  A demurrer to a complaint on the ground that there is another action pending between the same parties for the same cause is frivolous where the complaint contains no suggestion that such is the case.

[As to what constitutes sham pleadings, see note in 113 Am. St. Rep. 639.]

Same—Causes of Action—Numbering—Defect—Proper Remedy.
3.  The objection to a complaint that the causes of action therein contained are not separately stated and numbered cannot be raised by demurrer; the proper remedy for such a defect being a motion to make the pleading more definite and certain.

Same—Defect of Parties—How Raised.
4.  An alleged defect of parties, to be available as a ground of demurrer, must appear from the face of the complaint, else the objection can be raised only by answer.

Same—Complaint—Inferences—Sufficiency.
5.  Under the rule that whatever is necessarily implied in or reasonably to be inferred from an allegation is to be taken as directly averred, complaint *held* to disclose sufficient facts from which the death of plaintiff's husband was fairly deducible.

Resulting Trust—How Created—Case at Bar.
6.  Where, after the death of a mortgagor of real property the cashier of a bank advised his widow to permit the property to be sold on foreclosure sale, and that he, acting for the bank, would buy it in for her benefit, the money so advanced to be deemed a loan to her, and she acted upon such advice, a resulting trust was created in her favor.

[As to nature, kinds and validity of trusts, see note in 115 Am. St. Rep. 774.]

Mortgages—Husband and Wife—Redemptioner.
7.  The wife of a mortgagor of real property is not, by virtue of her relationship to him, a "redemptioner," as that term is defined by amended section 6837, Revised Codes (Laws 1913, Chap. 107).

Same—Foreclosure Sale—Right of Wife.
8.  A wife may purchase her husband's real estate at execution or foreclosure sale, either directly or through the medium of a trustee, and hold it as her separate property, if the transaction is *bona fide* and payment is made with her own money.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Mary A. Marcellus against Frank E. Wright and others. From a judgment sustaining a demurrer and dismissing the complaint, plaintiff appeals. Reversed and remanded.

*Mr. Ralph J. Anderson* and *Mr. Alfred Blaisdell,* for Appellant, submitted a brief; *Mr. Anderson* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

To the complaint in this action defendants interposed a joint demurrer, specifying the following grounds: "(1) That the plaintiff has not the legal capacity to sue. (2) That there is another action pending between the same parties for the same cause. (3) That there is a defect of parties plaintiff, in that it is shown in paragraph VII that the heirs of Emit Marcellus, deceased, have an interest in the controversy. (4) That causes of action have been improperly united in that an action for an alleged tort is united with an action which sounds in contract and said causes of action are not separately stated and numbered." The demurrer was sustained, and plaintiff, electing to stand on her pleading, suffered a judgment of dismissal to be entered against her, and appealed.

The first ground of demurrer is that enumerated in sub-[1]    division 2 of section 6534, Revised Codes. Section 6535 provides: "An objection taken under subdivision 1, 3 or 6 of section 6534 of this Code, may be stated in the language of the subdivision; an objection taken under either of the other subdivisions, must point out specifically the particular defect relied upon." Since the demurrer does not attempt to point out wherein plaintiff lacks legal capacity to sue, and such lack

of capacity does not appear from the face of the complaint, so far as we are able to determine, this ground of demurrer could not have been the basis for the trial court's ruling. (*Henderson* v. *Johns,* 13 Colo. 280, 22 Pac. 461.)

There is not in the entire complaint the faintest suggestion [2] that there is another action pending between the same parties for the same cause, and the second ground of demurrer is frivolous in the extreme.

The objection that causes of action are not separately stated [3] and numbered cannot be raised by demurrer. Section 6534 above enumerates the grounds of demurrer, and this is not one of them. The proper remedy for such a defect is a motion to make the complaint more definite and certain. (*Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887.) It is not contended in this court that the complaint states different causes of action which might not be united if separately stated and numbered, and the fourth ground of demurrer could not have furnished the basis for the trial court's ruling.

Nowhere in the complaint is it made to appear that Emit Marcellus has any heir other than this plaintiff, and that the wife may be the sole heir of her husband is determined by [4] subdivision 4 of section 4820, Revised Codes. In order to be available as a ground of demurrer, the defect in parties must appear from the face of the complaint; otherwise the objection can be raised only by answer. (Rev. Codes, sec. 6538.) The complaint does not disclose any defect of parties, but it is agreed that the trial court and counsel proceeded upon the theory that, under the third ground of demurrer, defendants might urge the objection that plaintiff does not disclose her interest in, or title to, the land sufficiently to enable her to maintain this suit. A special demurrer does not raise the question, but upon respondents' own theory there is not any merit in their position. The [5] sufficiency of the allegation respecting the death of Emit Marcellus is attacked in argument, but was not in the demurrer. If the allegation were deemed a material one it would suffice to say that facts are alleged from which the inference of his death

is fairly deducible; and it is the rule in this state that: "Whatever is necessarily implied in, or is reasonably to be inferred from, an allegation, is to be taken as directly averred." (*Willoburn Ranch Co.* v. *Yegen*, 49 Mont. 101, 140 Pac. 231.)

The complaint alleges that in 1899 Emit Marcellus and this [6] plaintiff, his wife, conveyed certain lands to Louis Landt as security for a loan; that in 1902, and for several years prior thereto, plaintiff had been accustomed to consult defendant Wright, the cashier of the Bank of Fergus County, upon matters of business as her confidential agent and adviser; that she reposed the utmost confidence in his honesty, integrity and good faith; that about August, 1902, she consulted him with reference to securing money to discharge the Landt obligation and was advised by Wright, acting for the bank, to permit Landt to foreclose his mortgage and sell the property, and that he (Wright), acting for the bank, would bid in the property for plaintiff and treat the money so advanced as a loan to plaintiff and hold the title to the land as security for the loan; that relying upon the advice so given and the agreement so made, Landt was permitted to foreclose and at the sale defendant Wright, acting for the bank, purchased the lands for $3,845.40, which amount was deemed to be a loan to the plaintiff; that upon the expiration of the period of redemption a sheriff's deed was executed and delivered to Wright, who thereupon by deed conveyed the lands to the bank; that thereafter, in 1905, the bank, in violation of the trust, conveyed some 600 acres of these lands to the defendant Benjamin McDonald, who took the same with knowledge of the trust. There are other allegations, but they are not material here.

We are not called upon to determine whether the complaint states a cause of action in favor of the plaintiff and against every defendant, as that question is not presented; but that plaintiff discloses in her complaint that she has such an interest in the land as will authorize her to maintain a suit in equity to protect it, is, we think, beyond question. If the allegations be true, the purchase of the lands at foreclosure sale, though

nominally made by Wright, acting for the bank, was in fact made for plaintiff and with her money; that is, money loaned to her by the bank. A resulting trust was thus created in favor of the plaintiff (Rev. Codes, sec. 4538; *Lynch* v. *Herrig,* 32 Mont. 267, 80 Pac. 240; *Eisenberg* v. *Goldsmith,* 42 Mont. 563, 113 Pac. 1127), if she was in such position that she might have made the purchase directly and in her own name.

It is urged in the brief of counsel for respondents that because plaintiff was one of the original Landt debtors and a party to the mortgage, payment by her would have the effect of a redemption rather than a purchase, and that a redemption would restore the title to Emit Marcellus, or to his heirs in case of his death prior thereto, and would not vest it in the plaintiff. This conclusion is clearly correct, but in our opinion the premise is not. When Emit Marcellus died, his interest in the property passed to his heirs. (Rev. Codes, sec. 4819.) If his death occurred prior to the date of the sale under foreclosure, then the question whether plaintiff, as his widow, by redeeming the property could maintain this action, would arise; but, as we construe the complaint, plaintiff's right of action is made to depend upon her purchase at the foreclosure sale in 1902, before any presumption of her husband's death arose. Adjudicated [7] cases may be found which award to the mortgagor's wife the right to redeem, but in this state the subject is controlled by statute. Section 6837, Revised Codes, as amended by Chapter 107, Laws of 1913, enumerates the persons who may exercise the right of redemption. Subdivision 1 limits the right to the judgment debtor; but "debtor," as the term is there employed, refers exclusively to the debtor whose land was subjected to forced sale. This is made plain by other provisions of the same statute, one of which, found in section 6839 as amended, reads as follows: "If the debtor redeem, the effect of the sale is terminated, and he is restored to his estate."

The other subdivision of the section restricts the right to redemptioners, and a wife, by virtue of her relationship to the mortgagor, is not a "redemptioner," as that term is therein

defined. As wife of the mortgagor, plaintiff did not redeem and could not. There is not any question, however, that under [8] our very liberal statute emancipating married women (Rev. Codes, secs. 3690–3737) a wife may ~urchase her husband's real estate at execution or foreclosure sale and hold it as her separate property, if the transaction is *bona fide* and payment is made with her own money. She is authorized to purchase his lands from him directly (sec. 3694), and she could accomplish the same end through the medium of a trustee or an officer of the law (17 Cyc. 1253; 27 Cyc. 1700; Schouler on Husband and Wife, sec. 402; *Blum* v. *Harrison,* 50 Ala. 16; *Houston* v. *Nord,* 39 Minn. 490, 40 N. W. 568; *Hill* v. *Bugg,* 52 Miss. 397; *Page* v. *Dixon,* 59 Mo. 43; *Bracken* v. *Milner,* 99 Mo. App. 187, 73 S. W. 225).

In our opinion this complaint states facts sufficient to disclose that plaintiff became the purchaser of these lands at the foreclosure sale. Thus she discloses a sufficient interest in the land to maintain any appropriate action to protect her title.

The judgment is reversed and the cause is remanded, with directions to overrule the special demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.