McLEAN, APPELLANT, v. DICKSON ET AL., RESPONDENTS.

(No. 4,153.)

(Submitted May 29, 1920. Decided June 25, 1920.)

[190 Pac. 924.]

*Pleading    and    Practice—Complaint—Splitting    Causes    of Action—Remedy.*

Pleading and Practice—Splitting Causes of Action—Remedy.
   1.  Where plaintiff in her complaint had in one cause of action joined a claim for damages for injury to and conversion of personal property, for alleged slanderous statements concerning her and her business, and for injury to her person by reason of an invasion of the premises occupied by her as tenant, a motion that she be required to separately state and number her causes of action was a proper method of attacking the complaint.

Same—Causes of Action—Motion to Separately State and Number—When Proper.
   2.  *Held,* that since the complaint above referred to alleged the invasion of more than one primary right and plaintiff could, under proper pleadings, have maintained a separate and independent suit upon any one of them without subjecting herself to the charge that she had split her cause of action, the contention that because all of the acts complained of were done in pursuance of a conspiracy and that therefore but one wrong was committed entitling her to set forth all her allegations in one cause of action, was without merit.

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

ACTION by Kathryn C. McLean against James L. Dickson and another. A motion to separately state and number causes of action was sustained, and, plaintiff refusing to plead further, judgment of dismissal was entered, from which plaintiff appeals. Affirmed.

*Mr. Frank N. Utter,* for Appellant, submitted a brief.

The motion ought not to have been sustained on the merits. There is but one cause of action stated, to-wit, a conspiracy to injure and acts done in furtherance thereof, to appellant's damage. (See *Jones* v. *Morrison,* 31 Minn. 140, 16 N. W. 854; *Dewing* v. *Dewing et al.,* 112 Minn. 316, 127 N. W. 1051; *Bingham* v. *Lipman,* 40 Or. 363, 67 Pac. 98; *Raymond* v.

*Sturges,* 23 Conn. 134, 145; *Brewer* v. *Temple,* 15 How. Pr. (N. Y.) 286.) In the case of *Oliver* v. *Perkins,* 92 Mich. 304, 52 N. W. 609, the court said: "So far as acts done with a common intent and purpose contributed to the same result, they, too, were incapable of severance." In *Bingham* v. *Lipman, supra,* and *Oliver* v. *Perkins, supra,* the facts are so nearly analogous to the facts in the present case that the reasoning in those cases applies very forcibly to the present case.

In the case of *Barron* v. *Pittsburg Plate Glass Co.,* 10 Ohio S. & C. Pl. Dec. 114, it was held that the averment of a conspiracy makes it possible to unite in one action, and as a single cause of action, claims for damages which would otherwise have to be sought in independent actions. Thus threats, slander of business, unlawful solicitation of customers, *etc.,* may be parts or elements of a charge of conspiracy, for the attempted destruction of plaintiff's business; therefore a motion requiring plaintiff to itemize his damages should be overruled. (8 Cyc. p. 675, note 52; *Rourke* v. *Elk Drug Co.,* 75 App. Div. 145, 77 N. Y. Supp. 373; *Mussina* v. *Clark,* 17 Abb. Pr. (N. Y.) 188; *Northern Pac. R. Co.* v. *Kindred,* 14 Fed. 77, 3 McCrary, 627; Estee on Pleading and Practice, sec. 1767.)

The gist of an action of this character is not the wrongful confederation, but the damages and the elements which go to make up the cause of action are: (1) A wrongful combining, confederating and conspiring to effectuate a common purpose and design; (2) Acts done in furtherance of such purpose and design; and (3) Resultant injury.

*Messrs. Norris & Hurd* and *Mr. D. L. Blackstone,* for Respondents, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

"The great weight of authority is that the proper remedy for a failure to state separately is a motion to make the complaint more definite and certain by separately stating the causes of action." This rule is approved by this court in the

case of *Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887. (See, also, *City Carpet Beating etc. Works* v. *Jones,* 102 Cal. 506, 36 Pac. 841.)

If two or more causes of action belonging to one class are improperly joined and not separately stated and numbered in the complaint, and the defendant answers without filing a motion requiring the causes of action to be separately stated and numbered, the objection is waived. (5 Ency. Pl. & Pr. 336; *Ayotte* v. *Nadeau,* 32 Mont. 498, 81 Pac. 145; *Murphy* v. *Crowley,* 140 Cal. 141, 73 Pac. 820; *French* v. *Deane,* 19 Colo. 504, 24 L. R. A. 387, 36 Pac. 609; *Possell* v. *Smith,* 39 Colo. 127, 88 Pac. 1064; *Wood* v. *Anthony,* 9 How. Pr. (N. Y.) 78; *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775; *Waldorf* v. *Phillips,* 42 Mont. 80, 111 Pac. 546.)

Appellant has united injuries to character, person and property, and beyond question the complaint is subject to demurrer for that reason. Appellant has, however, further transgressed the provisions of section 6533, Revised Codes, in that she has united two or more causes of action for injuries to character, two or more causes of action for injuries to person, and two or more causes of action for injuries to property.

The basis and gist of an action for conspiracy are the damages occasioned by the wrongful act of one or more persons, and that the only materiality of the allegations with respect to the conspiracy or combination of those who are not the direct actors is to connect them with and make them responsible for the acts of the others. (*Cohen* v. *Nathaniel Fisher & Co.,* 135 App. Div. 238, 120 N. Y. Supp. 546; *Bowman* v. *Wohlke,* 166 Cal. 121, Ann. Cas. 1915C, 1011, 135 Pac. 37; *Perry* v. *Hayes,* 215 Mass. 296, 102 N. E. 318; *Harbison* v. *White,* 56 Okl. 566, 156 Pac. 335; *Hundley* v. *Louisville & N. R. Co.,* 105 Ky. 162, 88 Am. St. Rep. 298, 63 L. R. A. 289, 48 S. W. 429; *Porter* v. *Mack,* 50 W. Va. 581, 40 S. E. 459.) From the foregoing authorities it clearly appears that the charging of a conspiracy does not change the nature of the action or eliminate the necessity of making averments in a

complaint the same as in ordinary actions. (12 C. J. 584, 585; *Howland* v. *Corn,* 232 Fed. 35, 146 C. C. A. 227; *Medlin Milling Co.* v. *Moffatt Commission Co.,* 218 Fed. 686; *May* v. *Wood,* 172 Mass. 11, 51 N. E. 191; *Benedict* v. *Thain,* 150 App. Div. 137, 134 N. Y. Supp. 720.)

In 12 C. J. 630, the statement is made that on the trial, the allegation relative to conspiracy "may be wholly disregarded and a recovery had irrespective of such allegations." This rule is supported by the following cases: *Howland* v. *Corn, supra; Harbison* v. *White, supra; Dickson* v. *Lights* (Tex. Civ.), 170 S. W. 834; *Brackett* v. *Griswold,* 112 N. Y. 454, 20 N. E. 376; *Kujek* v. *Goldman,* 9 Misc. Rep. 34, 29 N. Y. Supp. 294.

No averment of a conspiracy is necessary to entitle a party to offer proof connecting a defendant with a wrongful act. (12 C. J. 630; *Butler* v. *Duke,* 39 Misc. Rep. 235, 79 N. Y. Supp. 419; *Brackett* v. *Griswold,* 112 N. Y. 454, 20 N. E. 376; *City of Boston* v. *Simmons,* 150 Mass. 461, 15 Am. St. Rep. 230, 6 L. R. A. 629, 23 N. E. 210; *Jenner* v. *Carson,* 111 Ind. 522, 13 N. E. 44; *Herron* v. *Hughes,* 25 Cal. 555.)

Where there is a charge in a complaint of a conspiracy against two or more parties and the proof fails to show such conspiracy, recovery may however, be had against one of the parties shown to be guilty of wrongdoing. (12 C. J. 85; *Dickson* v. *Lights, supra; Jolly* v. *Doolittle,* 169 Iowa, 658, 149 N. W. 890; *Keit* v. *Wyman et al.,* 67 Hun, 337, 22 N. Y. Supp. 133; *James* v. *Evans,* 149 Fed. 136, 80 C. C. A. 240.)

No logical reason occurs to us why the rule relative to a motion to make a complaint more definitely certain by a separate statement and numbering of the cause of action contained therein is any different from that relative to a motion for a judgment on the pleadings. A motion for a judgment on the pleadings is in the nature of both a motion and a demurrer, and may be considered either as a motion or a demurrer. (*Floyd* v. *Johnson,* 17 Mont. 469, 4 Pac. 631; *Power* v. *Gum,* 6 Mont. 5, 9 Pac. 575; *Taylor* v. *Palmer,* 31 Cal. 240;

*Bergerow* v. *Parker*, 4 Cal. App. 169, 87 Pac. 248; 31 Cyc. 606.)   Applying this rule to the motion in the case at bar, it may be considered either as a motion or a demurrer or in the nature of either. This court has decided, as heretofore referred to, in the case of *Galvin* v. *O'Gorman, supra,* that a motion for an order requiring a party separately to state and number. causes of action is in effect a motion to make a pleading more definite and certain. At common law and under the Codes of many of the states the defect of indefiniteness and uncertainty in a pleading is reached by special demurrer only, and a motion to make a pleading more definite and certain is a substitute for the special demurrer at common law. Our practice has not so far departed from the common-law practice in this respect as to draw any definite distinction between a motion or a demurrer under the circumstances here presented. In the case of *Prindle* v. *Caruthers,* 15 N. Y. 425, the court of appeals of that state holds that the remedy by motion to make a pleading more definite and certain has taken the place of demurrers for want of form.

From the foregoing it appears that the line of distinction between motions and demurrers having reference to defects in the form or sufficiency of pleadings has at no time been clearly drawn or easily distinguishable, and they are so closely related in substance that a motion may be considered as a demurrer, or a demurrer as a motion when necessary for any given purpose.

MR. JUSTICE HURLY delivered the opinion of the court.

. . Plaintiff, for complaint, alleged that she was in the actual use and occupation of certain rooms located in Chinook, and entitled to certain privileges connected with her tenancy, and that she occupied said rooms as a place of abode and for the carrying on of her means of livelihood as a hairdresser and manicurist; that the defendants, "conspiring together and acting wrongfully and maliciously," did and committed certain acts. by which they harassed, annoyed and vexed plaintiff in

the use and enjoyment of said premises, in that: (a) The defendant Jacob Dickson repeatedly attempted to force entrance into said premises, and at other times did wrongfully enter therein without her consent; (b) that defendants locked and barred the doors leading out of plaintiff's premises; deprived her of the use of lighting facilities and of the bath and toilet accessories appurtenant thereto; (c) that defendants maliciously uttered and caused to be circulated false and defamatory statements concerning plaintiff, and concerning her occupation as aforesaid; (d) did wrongfully and maliciously urge and solicit persons intending to engage plaintiff's services as a manicurist and hairdresser not to so engage her, whereby plaintiff suffered loss of business; (e) did falsely charge plaintiff with having committed crimes and thereby, without probable cause, induced police officers to seek entrance into said premises in the night-time, and to threaten plaintiff with arrest, by reason of which plaintiff suffered mental distress and suffering; (f) that, in the absence of plaintiff, defendants entered said premises without her consent, and fastened and barred the doors thereof, whereby plaintiff was compelled to seek refuge elsewhere; (g) that defendants wrongfully and maliciously seized and detained wearing apparel and personal belongings of plaintiff and her goods and accessories used in her said occupation, all of the value of approximately $1,500. It is further alleged that by reason of such acts, plaintiff has been damaged in the sum of $5,000. She demanded judgment: First for $5,000; and, second, for punitive damages in the sum of $15,000.

All of the foregoing, with the exception of the formal allegation as to plaintiff's occupancy of the premises, is set forth in one paragraph, as one cause of action.

The defendants served and filed a motion demanding that [1] plaintiff be compelled to "separately state and number the causes of action united in one cause of action," upon different grounds, asserting in effect that the complaint sets forth causes of action for damages based upon the following:

(1) Eviction; (2) unlawful interference with her occupation; (3) acts of defendant James L. Dickson, to which the other defendant was not a party; (4, 5) deprivation of use of bathroom and lights; (6) defamatory statements; (7) defamatory statements derogatory to plaintiff's business; (8) urging plaintiff's clients to refrain from dealing with her; (9) entrance of police officers to her apartment; (10) barring doors of the apartment; (11) conversion of her property. This motion was sustained, and, the plaintiff refusing to plead further, judgment of dismissal was entered, from which this appeal was taken.

It is urged by plaintiff that a motion was not defendant's proper remedy, and that defendants should have demurred, and the decision of this court in *Bandmann* v. *Davis,* 23 Mont. 382, 59 Pac. 856, is cited in support of her position. An examination of the opinion in that case, however, shows that the point raised on this appeal was not under consideration. There the defendant at the trial objected to the introduction of evidence because one of the causes of action arose *ex delicto,* whereas the other arose *ex contractu,* and was not separately stated and numbered. The court said: "A motion to exclude evidence, or an objection to receiving it, is not the remedy for the intermingling in one count of several causes of action; nor is there remedy other than demurrer, by which the complaint may be attacked upon the ground that causes of action are improperly united therein."

It is clear that under the pleadings in the foregoing case, if the defendant wished to urge the objection that two separate and distinct causes of action had been united in one complaint, under section 6534, Revised Codes, a demurrer, and not a motion to separately state and number, was the proper remedy.

In *Galvin* v. *O'Gorman,* 40 Mont. 391, 106 Pac. 887, where three separate causes of action were stated in one count, and no objection to the form of the complaint was made until plaintiff had rested upon the trial, the court held: "The

proper practice in such a case is outlined in 5 Encyclopedia of Pleading and Practice, 336, where it is said: 'The clear weight of authority, however, is that the proper remedy for a failure to state separately is a motion to make the complaint more definite and certain by separately stating the causes of action.' This same rule is stated in Pomeroy's Code Remedies (4th ed.), section 341 (*section 447), and is approved in *City Carpet Beating etc. Works* v. *Jones,* 102 Cal. 506, 36 Pac. 841.''

In *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775, a defendant, who had moved to have the plaintiff separately state and number certain alleged causes of action, was held to have waived the right to object upon the appeal that the complaint was indefinite and uncertain, for the reason that objection had not been made upon that ground.

While there is a distinction between a demurrer and a motion, a motion to require causes of action to be separately stated and numbered has many, if not all, of the elements of a special demurrer. It has been held in this jurisdiction to be an abuse of discretion to refuse to allow a plaintiff to reply after the overruling of a motion made by the plaintiff, directed against the answer, the court there holding that a motion for judgment on the pleadings in some respects is merely a demurrer. (*Floyd* v. *Johnson,* 17 Mont. 469, 43 Pac. 631.)

A motion, therefore, to require plaintiff to separately state and number her causes of action was a proper method of attacking the complaint. (See, also, *Cohen* v. *Clark, supra.*)

It is next contended that because all of the acts of the de- [2] fendants were in pursuance of a conspiracy against the plaintiff, but one wrong was committed; hence plaintiff could properly set forth all the allegations of her complaint in one cause of action.

Section 6533 of our statute makes provision for the inclusion in one action of certain causes of action, and then provides: ''The causes of action so united must all appear on the face of the complaint, to belong to one only of these classes, and must affect all the parties to the action, and not require dif-

ferent places of trial, and must be separately stated and num-
bered; but an action for malicious arrest and prosecution, or
either of them, may be united with an action for either an
injury to character or to the person."

In this action plaintiff seeks to recover, among other things,
damages for statements in the nature of slander, alleged to
have injuriously affected her business and reputation; injury
to and conversion of her property, and injury to her person
by reason of the entry of her premises by the defendants.

This court, in *Cohen* v. *Clark, supra,* said: "Several
breaches of a single contract may constitute but one cause of
action, and if the several acts pleaded do make up but a
single cause of action, one count in the complaint is sufficient
to state them. Under equally well-recognized rules of plead-
ing, a plaintiff is prohibited from splitting a single cause of
action. * * * But just what constitutes a single cause of
action is frequently difficult to determine. At common law
the question was easily settled, for the form of the action de-
termined its character. Under the Codes, forms of action are
abolished and the facts constituting plaintiff's complaint must
be stated, and the construction put upon a pleading must now
determine whether it states one cause of action only or more
than one. 'A cause of action is the right which a party has
to institute a judicial proceeding,' * * * and consists of
a union of the plaintiff's primary right and an infringement
of it by the defendant. * * * Manifestly, then, if plaintiff
pleads several contracts and a breach of each, he states several
causes of action; but if he pleads but a single contract and a
breach of it in one or more particulars, he states but a single
cause of action, and it is immaterial how the complaint is
paragraphed."

The rule as laid down by Mr. Pomeroy in his work on Code
Pleading (4th ed.), section 350, is as follows: "If the facts
alleged in the pleading show that the plaintiff is possessed of
two or more distinct and separate primary rights, each of
which has been invaded, or that the defendant has committed

two or more distinct and separate wrongs, it follows inevitably
* * * that the plaintiff has united two or more causes of
action, although the remedial rights arising from each, and
the corresponding reliefs, may be exactly of the same kind and
nature. If two separate and distinct primary rights could be
invaded by one and the same wrong, or if the single primary
right should be invaded by two distinct and separate legal
wrongs, in either case two causes of action would result; *a
fortiori* must this be so when the two primary rights are each
broken by a separate and distinct wrong."

The supreme court of Wisconsin in the case of *Herman* v.
*Felthousen,* 114 Wis. 423, 90 N. W. 432, said: "The test to be
applied in order to determine whether a complaint states more
than one cause of action is whether, looking at the whole
pleading, there is more than one primary right presented
thereby for vindication. There may be many minor subjects,
and facts may be stated constituting independent grounds for
relief, either as between the plaintiff and all the defendants,
or the former and one of the latter, or between defendants,
and there be still but a single primary purpose of the suit, with
which all the other matters are so connected as to be reason-
ably considered germane thereto—parts of one entire subject,
presenting to the court but one primary ground for invoking
its jurisdiction. That was the rule before the Code, and it
was preserved thereby in unmistakable language, as this court
has said on many occasions." (See *Level Land Co.* v. *Sivyer,*
112 Wis. 442, 88 N. W. 317.)

And in *Adkins* v. *Loucke,* 107 Wis. 587, 83 N. W. 934, the
court said: "The infallible test by which to determine whether
a complaint states more than one cause of action is, Does it
present more than one subject of action or primary right for
adjudication? * * * If it stand that test, no matter how
many incidental matters may be connected with the primary
right, rendering other parties than the main defendant proper
or necessary to the litigation for a complete settlement of the
controversy as to plaintiff, or for the due protection of their

rights as against him or between themselves, there is yet but one cause of action, and a demurrer upon the ground of the improper joinder of causes of action will not lie.''

Manifestly, in this case, the plaintiff alleges the invasion of more than one primary right. She asserts claims upon any one of which, under proper pleadings, she would be able to maintain her suit. Had she brought separate actions for the injury or conversion of her personal property, for the alleged defamatory words, or the invasion of her premises, her pleadings could not be successfully attacked because she had ''split'' the cause of action. Each cause, if proven, would establish the invasion of a primary right, each independent of the others.

It is apparent that plaintiff has failed to distinguish between the separate statement and numbering of different causes of action and a demurrer to a complaint because causes of action have been improperly united in the complaint.

The district court was not in error in directing that the plaintiff be required to separately state and number her causes of action. The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway, Matthews and Cooper concur.