JORUD, RESPONDENT, *v.* WOODSIDE, APPELLANT.

(No. 4,699.)

(Submitted March 13, 1922. Decided April 3, 1922.)

[206 Pac. 344.]

*Pleading and Practice — Complaint — Causes of Action not Separately Stated and Numbered—Remedy.*

1. The objection that causes of action are not separately stated and numbered cannot be raised by demurrer, the proper remedy for such a defect being a motion to make the complaint more definite and certain by separately stating the causes of action.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by Torval Jorud against Richard Woodside. From a judgment for plaintiff entered after overruling demurrer to plaintiff's complaint, defendant appeals. Affirmed.

*Mr. W. E. Keeley,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. D. Tipton,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE H. H. EWING, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, delivered the opinion of the court.

Plaintiff alleges that between the eighteenth day of June, 1909, and the seventeenth day of September, 1912, he and Alexander Milne were copartners; that on the sixteenth day of September, 1912, the defendant was indebted to the copartnership in the sum of $255.42, being a balance due upon a mutual, open and current account for moneys loaned, paid out and expended to and for the use and benefit of the defendant, and for goods, wares and merchandise sold at defendant's special instance and request; that on the sixteenth day of September, 1912, Alexander Milne, for a valuable consideration, sold, transferred and assigned to Mary Milne all of his right, title and interest in and to the copartnership business, its property and assets, including the book accounts, among which was the balance due and owing from the defendant; that Mary Milne thereafter, for a valuable consideration, sold, transferred and assigned to plaintiff all of her right, title, and interest in and to the copartnership property, including the account against defendant, and that plaintiff is now the lawful owner and holder of the account; that the business was conducted thereafter by the plaintiff in all respects as it had been by the copartnership, and the balance of account due and owing from defendant was carried by plaintiff on his books and charged against the defendant, of which the defendant had due notice and knowledge; that thereafter, at different times, the plaintiff loaned defendant other sums of money amounting to $24.80, all at the special instance and request of defendant, which last-mentioned sums were from time to time as the same accrued, also charged to defendant upon his account, all of which was done with defendant's full knowledge and consent; that by reason of the premises the defendant became and still is indebted to plaintiff in the sum of $280.22, and promised and agreed to pay

the same, but failed, neglected and refused to pay, though often requested so to do.

The defendant demurred to the complaint on the grounds [1]   and for the reasons following: "(1) That the same does not state facts sufficient to constitute a cause of action. (2) That two causes of action have been improperly united in this." Then the defendant states that the $255.42 indebtedness was contracted with a copartnership of which the plaintiff was a member, and that the indebtedness of $24.80 was thereafter contracted with the plaintiff individually; that the $255.42 account and the alleged $24.80 account are separate and distinct, and should be set forth in the complaint in separate and distinct causes of action, and not otherwise, and the said separate and distinct causes should be separately stated and numbered.

The court overruled the demurrer, and gave the defendant twenty days to plead further. He refused to plead. After the expiration of the twenty days, his default was entered, and judgment was duly given against him for the amount demanded in the complaint. The defendant appeals from the judgment.

It is not contended that the complaint states different causes of action which might not be united if separately stated and numbered, but the only objection is that they are not separately stated and numbered. This court, in the case of *Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714, said: "The objection that causes of action are not separately stated and numbered cannot be raised by demurrer. Section 6534 of the Revised Codes enumerates the grounds of demurrer, and this is not one of them. The proper remedy for such a defect is a motion to make the complaint more definite and certain" by separately stating the causes of action—citing *Galvin* v. *O'Gorman*, 40 Mont. 391, 106 Pac. 887. (See, also, *Roberts* v. *Sinnott*, 55 Mont. 369, 177 Pac. 252.)

A careful reading of the case of *Bandmann* v. *Davis*, 23 Mont. 382, 59 Pac. 856, will show that nothing to the contrary is stated in that opinion. All that is announced there

is that a motion to exclude evidence or an objection to receiving it is not the remedy for the intermingling in one count of several causes of action. And demurrer is the only remedy by which the complaint may be attacked upon the ground that causes of action are improperly united. We hold that the complaint states a cause of action; that causes of action are not improperly united, and, if they are not separately stated and numbered, the objection was not raised in the district court, and is deemed waived. The demurrer was properly overruled.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.

MR. JUSTICE GALEN, deeming himself disqualified, takes no part in the foregoing opinion.