WEIBUSH ET AL., RESPONDENTS, v. JEFFERSON CANAL CO., APPELLANT.

(No. 5,287.)

(Submitted September 18, 1923. Decided November 3, 1923.)

[220 Pac. 99.]

*Waters — Ditches — Overflow — Damages — Complaint—Sufficiency—Demurrer for Ambiguity and Uncertainty—Joinder of Causes of Action.*

Pleadings—Complaint—When Sufficient as Against Demurrer for Uncertainty.
1. Plaintiff in framing his complaint is only required to set forth the essential facts of his case with reasonable precision and with particulars enough to advise the defendant of the nature, source and extent of his cause of action, it being sufficient if it is easy of comprehension and free from reasonable doubt, as against the objection on demurrer that it is ambiguous and unintelligible.

Waters—Overflow from Ditches—Damages—Complaint—Sufficiency.
2. Under the above rule, *held* that the complaint in an action for damages caused by an overflowing ditch, averring that the injuries were due to loose material with which the ditch was constructed, the negligence of defendant in failing to keep it clear of weeds and other obstructing material which lessened its carrying capacity, and in turning into it larger quantities of water than it was able to carry in that condition was proof against demurrer on the ground of ambiguity, uncertainty and unintelligibility.

Causes of Action—Joinder—"Injuries to Property."
3. Under section 9130, Revised Codes of 1921, providing that several causes of action arising out of "injuries to property" may be united in the same complaint, causes of action for damages to real and personal property may properly be united.

Complaint—Uncertainty—Overruling Demurrer—Nonprejudicial Error.
4. In the absence of a motion to make more specific a complaint deemed ambiguous and uncertain, or request for a bill of particulars, the judgment after trial on the merits will not be reversed for alleged error in overruling a demurrer to the pleading, unless it appears that appellant has suffered from prejudicial as distinguished from abstract error.

*Appeal from District Court, Jefferson County; Joseph C. Smith, Judge.*

ACTION by August H. Weibush and another against the Jefferson Canal Company. Judgment for plaintiffs and defendant appeals. Affirmed.

*Mr. Clarence Hanley* and *Mr. Charles E. O'Neill,* for Appellants, submitted a brief; *Mr. Hanley* argued the cause orally.

It is a well-settled rule of law that in every pleading the opposite party is entitled to notice of what the proof will be directed to, and the notice must appear from the pleading. (*McKinney* v. *Carson,* 35 Utah, 180, 99 Pac. 660; *Pugmire* v. *Oregon S. L. Ry. Co.,* 33 Utah, 27, 126 Am. St. Rep. 805, 14 Ann. Cas. 384, 13 L. R. A. (n. s.) 565, 92 Pac. 762; *Mallory* v. *Thomas,* 98 Cal. 644, 33 Pac. 757.) In the case at bar, the complaint does not inform the defendants what damage is claimed for injury to personal property, the buildings, sheds, fences, chickens, garden, trees, grass or lawn; what damages are claimed for injury to crops, hay, vegetables, fruits, berries, *etc.,* or what damages are claimed for the decrease in the value of the land. The demurrer on the ground of ambiguity, uncertainty and unintelligibility should have been sustained. (*Grandona* v. *Lovdal,* 70 Cal. 161, 11 Pac. 623; *Foerst* v. *Kelso,* 131 Cal. 376, 63 Pac. 681.)

*Mr. J. E. Kelly* and *Mr. H. A. Johnson,* for Respondent, submitted a brief; *Mr. Kelly* argued the cause orally.

Certainty to a common intent is, as a rule, all that is necessary in pleading. (31 Cyc. 73.) If the court is able to see the meaning of the different allegations, the pleadings will not be held to be uncertain. (*Id.*) Where the averments are direct and positive, so that the averment will not have to be gathered from argument or influence, or mere recitals, a pleading is not uncertain, ambiguous or unintelligible. (21 R. C. L. p. 445, sec. 9.)

The supreme court of California states the rule in a very recent case as follows: "All that is required of a plaintiff, even as against a special demurrer, is that he set forth in his complaint the essential facts of his case, with reasonable precision, and with particularity sufficiently specific to acquaint

the defendant of the nature, source, and extent of his cause of action." (*Goldstein* v. *Healy*, 187 Cal. 206, 201 Pac. 462.) Surely in plaintiff's complaint it cannot be said that the essential facts of their case are not set forth or that they are not set forth with such precision and specificness sufficient to acquaint defendant with the nature of their cause of action, the source of their cause of action or the extent of their cause of action.

This court held that a complaint, to be proof against a special demurrer, ought at least to be sufficiently definite and certain to be on its face a bar to another suit on the same cause of action. (See *Smallhorn* v. *Freeman*, 61 Mont. 137, 201 Pac. 567; *Kraner* v. *Halsey*, 82 Cal. 209, 22 Pac. 1137; *Tilton* v. *Beecher*, 59 N. Y. 176, 17 Am. Rep. 337; *Applegarth* v. *Dean*, 68 Cal. 491, 13 Pac. 587; *Ward* v. *Commissioners of Gallatin County*, 12 Mont. 23, 31, 29 Pac. 658.)

MR. JUSTICE COOPER delivered the opinion of the court.

In the complaint it is alleged that the plaintiffs owned a ranch in Jefferson county, of the value of $16,000, describing it; that there was standing upon the premises a house which was occupied by the plaintiffs as their residence, of the value of $4,000; that the dwelling was surrounded by a beautiful lawn, shrubbery, flowers and other plants growing thereon, of the value of $500; that of the farm four acres were good agricultural and gardening lands, of the value of $800. In separate paragraphs there are averments descriptive of the property used in connection with the ranching operations of the plaintiffs which was damaged or destroyed, as follows: Rhubarb, berry and fruit bushes, and other perennial fruit-bearing shrubbery, of the value of $500; household furniture, cooking utensils, linens, linolcum, bedding, household supplies, "a great number of chickens, a large quantity of hay and grain, harvested and stacked, stored and situated in and about the dwelling and out-buildings, of the value of

$2,000''; cabbages, potatoes and other vegetables, of the value
of $500; that there were standing on the premises chicken-
houses, outhouses, stables, sheds, barns, fences, gates, yards,
walks and other usual conveniences and necessities for the
farm, of the value of $1,000; that plaintiffs also had on the
premises numerous irrigation ditches, of the value of $250;
that the defendants owned a certain water ditch or canal
conveying large quantities of water from Jefferson River and
Pipestone Creek, which was badly constructed of loose gravel,
sand and soil, with no spillways to carry off surplus water;
that grasses, mosses and other debris were permitted to grow
and accumulate in the canal and to obstruct the passage of
the water; that greater quantities of water than the ditch
would carry were turned into it, by reason whereof the ditch
and canal broke and the water flowing therein ran over the top
and damaged or destroyed $4,000 worth of the plaintiff's
property which was then upon their land and premises.

The demurrer to the complaint is: First, that the com-
plaint does not state a cause of action; second, that it is (a)
ambiguous, (b) uncertain and (c) unintelligible, in that (1)
it charges in one cause of action damages to both real and
personal property without segregating and separately stating
and numbering the paragraphs, and (2) that it does not
specify the amount of the injury done to each piece of prop-
erty damaged, separately.

The demurrer was overruled; the defendants filed an an-
swer containing a general denial of all the averments of the
complaint; the cause was tried; the jury returned a verdict
for $2,200 and judgment was entered in favor of the plain-
tiffs. The defendants made a motion for a new trial, which
was overruled, and they now appeal from the judgment.

After the record was filed here, the court sustained the re-
spondents' motion to strike from the transcript on appeal
what purports to be a bill of exceptions upon the ground that
the proceedings in the trial court had never been settled and
exemplified by the judge as the law requires. The case is

therefore in this court upon the sole question whether the complaint is defective in the particulars set forth in the demurrer.

The plaintiffs are only required to set forth the essential **[1-3]** facts of their case with reasonable precision and with particulars enough to advise the defendants of the nature, source and extent of their cause of action. The complaint, in substance, avers that the injuries to plaintiffs' ranch property were due to loose material with which the ditch was constructed, and negligence of the defendants in failing to keep it clear of weeds and other obstructive material which lessened its carrying capacity, and turning into it larger quantities of water than it was able to carry in that condition. "The entire pleading is 'easy of comprehension, and free from reasonable doubt, which is all that is necessary.' (*Salmon* v. *Wilson*, 41 Cal. 602.)" (*Ward* v. *Commissioners of Gallatin County*, 12 Mont. 23, 29 Pac. 658; *Greenebaum* v. *Taylor*, 102 Cal. 624, 36 Pac. 957.)

The complaint is not open to the objections urged against it in the demurrer. If in the opinion of the defendants the complaint was not sufficiently specific to enable them to meet the evidence of the plaintiffs as to the amount of damages the breaking of the ditch caused to the property, a motion to make it more specific would have been the appropriate remedy. (*Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714; *Roberts* v. *Sinnott*, 55 Mont. 369, 177 Pac. 252; *Jorud* v. *Woodside*, 63 Mont. 23, 206 Pac. 344.) Or, had the defendants made request for a bill of particulars, it would have been a matter which the trial court, in the exercise of its discretion, could have required the plaintiffs to furnish. (*Rogness* v. *Northern Pac. Ry. Co.*, 59 Mont. 373, 196 Pac. 989; *Bogard* v. *Illinois Cent. R. Co.*, 116 Ky. 429, 3 Ann. Cas. 160, and extensive note, 76 S. W. 170.) "There is no inflexible rule as to the class of cases in which a bill of particulars will be granted, but it rests within the sound discretion of the court to be ex-

ercised only in furtherance of justice.'' (3 Ency. Pl. & Pr. 517.)

Section 9130 of our Code authorizes the plaintiff to ''unite several causes of action * * * in the same complaint where they all arise out of * * * injuries to property.'' Having used the word ''property'' in its larger sense, it will be held to include injuries to real as well as to personal property. The term ''injuries to property'' comprehends such injuries as one sustains in his rights of property, whether directly affecting or depriving one of possession and enjoyment of the things the subject of property or not. In this class is included every form of action for an injury as distinguished from a wrong by breach of contract, except libel, slander and malicious prosecution. (Bliss on Code Pleading, sec. 129, p. 217.)

''Causes of action for injuries to property form a distinct class, and the generality of this language permits the union of claims arising from injuries of all kinds, whether with or without force, whether direct or consequential, and whether to real or personal property.'' (Pomeroy's Code Remedies, 4th ed., sec. 389, p. 517.)

It appears in this case that after the demurrer was overruled, the defendants filed an answer containing only general denials. The evidence and the proceedings upon the trial are not subject to inspection, and for aught we are permitted to say, the cause might have been tried upon the merits, without any objection to the admission of evidence at all. In *Rooney* v. *Gray,* 145 Cal. 753, 79 Pac. 523, the supreme court of California upon this point said: ''When a cause has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed on the ground of uncertainty in the complaint, it must appear that some substantial right of the demurrant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint.''

The answer put in issue every averment of the complaint, and, so far as we are able to judge, the cause was tried without surprise to the defendant, even though the complaint were ambiguous and uncertain. (See, also, Hayne on New Trial and Appeal, p. 1576.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK, concur.